RONALL NATHAN ERTWINE *v.* STATE OF
MARYLAND

[No. 845, September Term, 1972.]

*Decided August 13, 1973.*

620

The cause was argued before MORTON, MOYLAN and SCANLAN, JJ.

*Gary Huddles* for appellant.

*James G. Klair, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Samuel A. Green, Jr., State's Attorney for Baltimore County, Benjamin Bronstein* and *Joseph LaVerghetta, Assistant State's Attorneys for Baltimore County,* on the brief, for appellee.

SCANLAN, J., delivered the opinion of the Court.

This is an appeal from judgments entered in the Circuit Court for Baltimore County (Kenneth C. Proctor, Judge), following appellant's convictions by a jury of violations of the narcotics laws. Specifically, the appellant, Ronald Nathan Ertwine, was convicted of: possession of marijuana

with intent to distribute; possession of hashish with intent to distribute; possession of D-amphetamines, phenmetrazine, phenobarbital, and secobarbital; and operating a common nuisance. He was also found guilty of possession of marijuana and hashish, but the trial judge found that the convictions under these two counts merged into the greater crime of possession with intent to distribute. The several concurrent and consecutive sentences imposed on the appellant by the court below totaled seven years.

## QUESTIONS PRESENTED

In this Court, the appellant contends that there was insufficient evidence to sustain his convictions. As appears below, we find this claim to be utterly meritless. Appellant's second argument on appeal is pressed with more force, but no more persuasion, than the first. Here, he argues that the trial judge was "so impatient and prejudiced" against his trial counsel [1] as to deny appellant the fair and impartial trial guaranteed him by the due process clause of the Fourteenth Amendment of the United States Constitution. Despite the vigor with which it is asserted, for the reasons specified below we hold it also to be a contention devoid of merit.

## THE EVIDENCE WAS SUFFICIENT

Although the appellant purports generally to challenge the sufficiency of the evidence to support his several convictions in the court below, in the brief which he filed with this Court he argues only that the record failed to indicate that he possessed sufficient marijuana and hashish to indicate an intent to distribute these two illegal drugs. His other convictions were for simple possession of controlled dangerous substances and a conviction for maintaining a

---

[1]. Out of courtesy to appellant's counsel in this Court, Gary Huddles, Esq., we would like to make it clear in our opinion that he did not participate in the proceedings below. Appellant's trial counsel in the Circuit Court for Baltimore County was Robert H. Frank, Esq. In view of the latter's numerous departures from minimum standards of professional conduct during the trial, as stated *infra,* we think it important that appellate counsel not be confused with Mr Frank.

common nuisance. Appellant, therefore, has abandoned challenge to the possession and common nuisance convictions. Rule 1031 c; and *see Wilkins v. State*, 16 Md. App. 587, 597, 300 A. 2d 411 (1973). In any event, the several dangerous substances which were seized, under a valid search warrant, from apartment premises leased by the appellant were amply sufficient to convict him of their possession and of maintaining a common nuisance. *Henderson v. State*, 13 Md. App. 384, 283 A. 2d 418 (1971).

Seized pursuant to the same search warrant and in the police raid on appellant's apartment referred to above were approximately a half pound of marijuana and an ounce plus of hashish. Four pipes used for smoking marijuana were also found by the police. Lieutenant Cornelia Williamson of the Baltimore County Police Department Crime Laboratory was called to testify by the State. She qualified as an expert witness over the appellant's objection. When asked how many smokes or dosages of marijuana could be provided by six ounces of that substance, she answered: "It is an awful lot." She also testified that because the hashish was more potent than the marijuana, one ounce of hashish would last much longer than marijuana and could supply a considerable number of pipefuls.

The jury was entitled to believe the testimony of the police expert and to infer from that evidence that the amounts of hashish and marijuana, respectively, which were seized from the appellant were sufficient to justify a finding that he was in possession of a sufficient quantity of those substances reasonably to indicate an intent to distribute a controlled dangerous substance. *Williams v. State*, 14 Md. 619, 627, 287 A. 2d 803 (1972); *Waller v. State*, 13 Md. App. 615, 284 A. 2d 446 (1971); *Puckett v. State*, 13 Md. App. 584, 587, 284 A. 2d 252 (1971). Accordingly, there can be no serious contention made that there was not sufficient evidence on the basis of which the jury could have found the appellant guilty of the offenses with which he was charged. The trial court properly denied his motion for judgment of acquittal. *Williams and McClelland v. State*, 5 Md. App. 450, 247 A. 2d 731 (1968).

## THE TRIAL COURT DID NOT DENY APPELLANT HIS CONSTITUTIONAL RIGHT TO A FAIR AND IMPARTIAL TRIAL

The appellant contends that the trial judge was "so 'impatient and prejudiced' against defense counsel as to deny Appellant a fair and impartial trial." He also suggests that the trial court's refusal to allow his trial counsel to argue a motion for judgment of acquittal made at the conclusion of the evidence violated the Sixth Amendment of the Federal Constitution and Article 21 of the Declaration of Rights, both of which assure effective assistance of counsel to a criminal defendant.

With respect to the motion for judgment of acquittal, appellant's trial counsel merely asked whether the trial judge wished to hear argument on his motion. The trial court indicated that it did not and appellant did not press the point. Thus, he waived any right he might have had to argue that motion. *Garner v. State*, 16 Md. App. 353, 360, 297 A. 2d 304 (1973). *Yopps v. State*, 228 Md. 204, 178 A. 2d 879 (1962), on which appellant attempts to rely, is clearly distinguishable. *Yopps* was a nonjury case in which the judge rendered a verdict of guilty without affording defense counsel the opportunity to present closing argument. Moreover, in that case defense counsel immediately requested the right to be heard on the entire evidence and on the law, a request which the trial judge denied.[2]

Appellant, therefore, was not denied his constitutional right "to be heard through counsel . . . ." 228 Md. at 207.

Appellant recites a litany of what he alleges were prejudicial comments or conduct by the trial judge in ruling on objections and motions. A careful examination of the record reveals that almost all of these complaints related to the trial court's efforts to stop appellant's counsel from probing into the question of the sufficiency of the search warrant, and the supporting affidavit annexed thereto,

---

2. *Moore v. State*, 7 Md. App. 330, 254 A. 2d 717 (1969) is similarly distinguishable. It, too, was a non-jury case in which the trial judge entered a verdict of guilty without permitting defense counsel to argue at all.

under which the dangerous substances had been seized by the police from appellant's apartment. At the outset of the trial, appellant's motion to suppress the seized evidence had been denied by the trial judge. We might add gratuitously that his ruling was correct. The affidavit was based upon the personal knowledge, recently obtained, of two confidential informants whose credibility was attested to in the affidavit. It clearly satisfied the two-pronged test for the sufficiency of a search warrant, as laid down in *Aguilar v. Texas*, 378 U. S. 108 (1964). We also point out that the appellant has not challenged the validity of the search and seizure on his appeal to this Court.

It is well settled under Rule 729 g 2 of the Rules of Procedure that the admissibility of evidence obtained under a search and seizure warrant which is challenged as invalid is a matter exclusively for the court to determine and that no evidence pertaining to the validity of the warrant shall be presented to the jury. *Cleveland v. State*, 8 Md. App. 204, 208, 259 A. 2d 73 (1969); *Price v. State*, 7 Md. App. 131, 143, 254 A. 2d 219 (1969); *see also Glover v. State*, 14 Md. App. 454, 458, 287 A. 2d 333 (1972). Appellant's trial counsel must be assumed to be familiar with Rule 729 and the precedents thereunder. Nevertheless, despite repeated remonstrances and warnings on the part of the trial court, he attempted, first through cross examination of witnesses called by the State, and then through questions put to several defense witnesses, to elicit testimony pertaining to the validity or legality of the search warrant and the accompanying affidavit under which the illegal drugs were seized from the appellant. On *eleven* (11) separate occasions, Judge Proctor had to warn appellant's trial counsel to desist from such tactics. On two occasions, the court went so far as to threaten him with contempt if he persisted in attempting to inquire before the jury into the legality of the search, including the question of probable cause for the issuance of the warrant. Under the circumstances, we commend the trial judge for his Job-like patience in the face of the continuing, deliberate and defiant disobedience of his explicit rulings on the part of appellant's trial counsel. The

latter's conduct greatly exceeded in its unprofessional nature the conduct of an attorney which was held sufficient to justify a summary conviction for contempt in *Kandel v. State*, 252 Md. 668, 250 A. 2d 853 (1969). And it was far more obstreperous, too, than the conduct of the attorneys whom trial courts found in contempt in *Goldsborough v. State*, 12 Md. App. 346, 278 A. 2d 623 (1971) and in *Muskus v. State*, 14 Md. App. 348, 286 A. 2d 783 (1972), respectively.[3]

By any fair characterization, the judge baiting tactics of Mr. Frank in the court below constituted contumacious "misbehavior" amounting to an obstruction of "the administration of justice . . . ." Article 26, Section 4, Annotated Code of Maryland (1973 Repl. Vol.). In our view, therefore, Judge Proctor would have been justified in holding appellant's trial counsel in contempt. The judge, however, admirably resisted that strong temptation. Indeed, in his instructions to the jury he bent over backward. He expressly admonished the jurors to disregard any impatience which he may have demonstrated toward the appellant's counsel on occasion. Considering the provocation to which he was subjected by the inexcusable conduct of appellant's trial counsel, Judge Proctor's handling of the trial was not only well within his sound discretion, but exhibited a remarkable degree of judicial self-control. Clearly, it was free from constitutional error.

Finally, the evidence of appellant's guilt was very persuasive. Therefore, even if we assumed *arguendo*, which we do not, that some of the trial judge's comments or rulings with respect to objections made and evidence offered by appellant's trial counsel, were prejudicial to the appellant's case, we would hold such error to be harmless beyond a reasonable doubt. *Chapman v. California*, 386 U. S. 18, 22 (1967); *Johnson v. State*, 9 Md. App. 436, 265 A. 2d 281 (1970).

> *Judgments affirmed; costs to be paid by appellant.*

---

**3.** This Court vacated the contempt orders in both Goldsborough and Muskus.