514 P.2d 800

**The STATE of Utah, Plaintiff and Respondent,**

v.

**Katherine BANKHEAD, Defendant and Appellant.**

**No. 13110.**

Supreme Court of Utah.

Oct. 4, 1973.

Bruce C. Lubeck, Salt Lake Legal Defender Assn., Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., David L. Wilkinson, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

CALLISTER, Chief Justice:

Defendant appeals from her conviction, in a trial before the court, of the crime of unlawful possession for sale of a narcotic drug, heroin.

Pursuant to a search warrant, the Salt Lake City Police entered the premises rented by defendant and seized a sizable quantity of narcotics and paraphernalia. Defendant was arrested, and a search of her person revealed $340 in small denominations concealed in her undergarments. There were four other persons present on the premises at the time the police entered. Defendant testified that she was the tenant who rented the premises; that she was a heroin addict; that she owned approximately one half of the 308 balloons filled with heroin; and that she had purchased an ounce of heroin the day prior to her arrest and "cut" it and put it in balloons in order to keep account of the quantity of narcotics she was using.

Defendant contends that the trial court erred in its denial of a motion to compel disclosure of the identity of a confidential informant at a pretrial hearing to suppress the evidence seized pursuant to the search warrant. Defendant argued that there was no probable cause to support the issuance of the search warrant, unless the statements in the affidavit were true, and she must learn the identity of the informant; so that she might secure the informer's presence in court and question him to determine the factuality of the activities described in the affidavit.

At the hearing Officer Kramer testified that he and a fellow officer on September 18, 20 and 25, 1971, searched the confidential informant and followed him to defendant's premises. The informant wore a concealed microphone; the receiver was in the officers' vehicle. On each occasion the informant purchased a substance which was subsequently established by laboratory tests to be heroin. Officer Kramer, the affiant in the affidavit to support the

search warrant, further testified that on September 28, 1971, he observed in a period of four hours 12 persons go in and out of the subject premises; several of this group he recognized as known drug addicts.

At the hearing defense counsel conceded that if the statements in the affidavit were true that a credible informant went to the premises, purchased drugs, and gave them to the officers; these facts established probable cause. The defense further stated that neither Officer Kramer nor anyone else was being accused of swearing to falsehoods in the affidavit. Nevertheless, defendant claimed that she had a right to call the informer and determine if he actually purchased the narcotics as related in the affidavit.

 Apart from the statutory proceeding in Secs. 77–54–17, 77–54–18, U.C.A.1953, wherein a hearing may be held to controvert the grounds upon which a warrant was issued before the issuing magistrate,[1] one against whom a search warrant is directed may not dispute the matters alleged in the affidavit supporting the warrant.[2] Furthermore, the courts will not compel disclosure of the identity of an informant, who has supplied probable cause for the issuance of a warrant, where disclosure is sought merely to aid in attacking probable cause.[3] Constitutional precepts do not require, as urged by defendant, the interrogation of an unidentified informant as the sole means to determine the reliability of his information. A supporting affidavit may be based on hearsay information; however, the magistrate must be informed of some of the underlying circumstances from which the affiant concluded that the informant was credible or his information reliable. Although the information is almost completely hearsay, the warrant may be upheld if there be sufficient information in the affidavit to provide a *substantial basis* for crediting the hearsay.[4]

Defendant contends that the trial court erred by denying her motion at the end of the trial to discover the identity of the confidential informant on the ground that

1. In New York, similar statutory provisions have been construed as not requiring that a hearing be granted, unless there be a factual demonstration set forth in the moving papers that statements in the affidavit were perjurious, and the burden of proof is on the person attacking the warrant. People v. Solimine, 18 N.Y.2d 477, 276 N.Y.S.2d 882, 223 N.E.2d 341 (1966); People v. Childers, 54 Misc.2d 752, 283 N.Y.S.2d 336 (1967); People v. Gray, 61 Misc.2d 769, 306 N.Y.S. 2d 487 (1970).

2. State v. Lamb, 209 Kan. 453, 497 P.2d 275, 287 (1972); 5 A.L.R.2d 394, 396.

3. Theodor v. Superior Court of Orange County, 8 Cal.3d 77, 104 Cal.Rptr. 226, 501 P.2d 234 (1972); McCray v. Illinois, 386 U.S. 300, 305, 87 S.Ct. 1056, 18 L.Ed.2d 62, 67 (1967).

4. State v. Treadway, 28 Utah 2d 160, 162–163, 490 P.2d 846 (1972).

the informant might have provided favorable evidence for the defense. Defendant claims that the action of the trial court constituted a suppression of evidence favorable to the accused and denied her a fair trial.

Under Rule 36, U.R.E., evidence of the identity of an informer is inadmissible unless the judge finds that disclosure is essential to assure a fair determination of the issues.

■ The State successfully urged that the identity of the informer was irrelevant and immaterial to the issues of the case. Defendant was charged with possession of narcotics for sale; she claims that the testimony of the informer would exonerate her of this crime, if he testified that he purchased drugs from someone else on the premises. There was neither evidence adduced at the trial to support a conviction for sale of heroin, nor was defendant so charged. The transactions related in the supporting affidavit for the search warrant were not in issue at trial. Defendant does not suggest that the informant could refute the factors that contributed to her conviction, i. e., her dominion and control of the premises, and her admitted possession of a large quantity of heroin, packaged for individualized use. Defendant did not sustain her burden of demonstrating that, in

view of the evidence, the informer would be a material witness on the issue of guilt.

Defendant contends that the trial court erred in denying her motion to dismiss at the conclusion of the State's case on the ground that there was insufficient evidence to show possession of narcotics for sale.

The evidence indicated that defendant was the tenant who rented the premises from the owner of the property. Officer Kramer testified that while he had the property under surveillance, he had never observed the men he found on the premises the night he served the warrant; however, he had frequently observed defendant leave and return. Defendant admitted, although she later denied, that the bedroom where many of the drugs were found was hers. Officer Elton, supervisor of the Narcotics Squad, qualified as an expert and testified that it was his opinion that the packaging and total quantity of the heroin found indicated trafficking in drugs.

■ Unlawful possession of narcotics is established by proof that the accused exercised dominion and control over the drug with knowledge of its presence and narcotic character. Dominion and control neither means that the drug be found on the person of the accused nor that the accused must have had sole and exclusive possession of the narcotic.[5] Circumstantial evidence may be used to prove that the ac-

5. State v. Winters, 16 Utah 2d 139, 142, 396 P.2d 872 (1964).

**140**

cused possessed the narcotics for sale rather than for his individual use. The quantity of the heroin involved and the nature of its packaging may support the inference that it was possessed for sale rather than personal use.[6] Experienced officers may give their opinions in cases involving possession of heroin that the narcotics are held for purposes of sale based upon such matters as the quantity, packaging, and normal use of an individual; convictions based on such testimony have been upheld.[7]

At the conclusion of the State's case, there was sufficient evidence to indicate defendant's constructive possession of the narcotics and to support the inference that the possession was with intent to sell. The trial court properly denied the motion to dismiss.

Finally, defendant contends that there was insufficient evidence to support her conviction. Defendant testified in her own behalf and admitted her ownership of one half of the narcotics, but she adamantly insisted that they were exclusively for her own personal use. The issue of whether the quantity she possessed was for sale was a vigorously disputed issue of fact. A review of the record does not reveal that the evidence was so inconclusive or unsatisfactory that reasonable minds, acting fairly upon it, *must* have entertained

reasonable doubt that the defendant committed the crime. The judgment of the trial court is affirmed.

HENRIOD, ELLETT, CROCKETT, and TUCKETT, JJ., concur.

6. State v. Arce, 107 Ariz. 156, 483 P.2d 1395 (1971); State v. Aikins, 17 Ariz.App. 328, 497 P.2d 835 (1972).

7. People v. Newman, 5 Cal.3d 48, 95 Cal.Rptr. 12, 484 P.2d 1356 (1971).