STATE OF NORTH CAROLINA v. TERRY WAYNE COCKMAN AND LOUIS HAROLD LUCAS

No. 733SC802

(Filed 9 January 1974)

Narcotics § 4— possession of marijuana — constructive possession — sufficiency of evidence

Where officers conducted a search of defendants' apartment when neither was there, neither defendant came while the officers were there, and the officers found a large quantity of marijuana, growing marijuana plants, seeds and money, evidence was sufficient for the jury to find that defendants had both the power and intent to control the disposition and use of the marijuana so as to have it in their constructive possession where the evidence tended to show that the apartment was rented to defendants, there was no evidence that they had sublet to anyone, the current telephone bill showed telephone calls to the homes of defendants, one defendant's school ID card was found in a bedroom, and the rental record showed the rent to have been paid by defendants for the month of May six days prior to the May 9 search.

APPEAL by defendants from *Cowper, Judge,* 13 August 1973 Session, Superior Court, PITT County.

Defendants were charged with possession of marijuana with intent to distribute and manufacturing marijuana. Both were found guilty by the jury and each appeals from judgment entered on the verdict. Each was sentenced to two years in the custody of the Commissioner of Correction as a "committed youthful offender" for treatment and supervision pursuant to G.S. 148—Article 3A.

---

---

*Attorney General Morgan, by Assistant Attorney General Reed, for the State.*

*James, Hite, Cavendish and Blount, by Marvin Blount, for defendant Cockman appellant.*

*Leroy Scott for defendant Lucas appellant.*

MORRIS, Judge.

Defendants raise a single question on appeal—whether there was sufficient evidence to submit an issue of guilt or innocence to the jury.

The evidence, taken in the light most favorable to the State, tended to show:

Defendants together with another male had rented an apartment in Greenville—Apartment 103-H, Eastbrook Apartments—on 264 Bypass, but about a block from the highway. On 9 May 1973 officers went to the apartment and, pursuant to a search warrant (the validity of which is not at issue), searched the premises. They found over nine pounds of marijuana, six growing marijuana plants, marijuana seeds, and an envelope containing $3400. Marijuana was found in two bedrooms and seven marijuana plants were found in a third bedroom. Marijuana seed were found in the kitchen. Marijuana seed were also found in the top drawer of a bedroom in which marijuana was also found. In the same bedroom was found a white envelope containing $3400. The money was turned over to I.R.S. Only one of the lessees was at the apartment, one Strange, who said that the second bedroom on the left was his, this being where the money, some of the marijuana, and marijuana seed were found. All three bedrooms appeared to have been occupied. An East Carolina University I.D. card bearing the photograph of defendant Lucas was found in the drawer of a dresser in the first bedroom on the left. A Carolina Telephone and Telegraph Company bill addressed to Terry Cockman, 103 Eastbrook Drive Apartments, Apt. H, Greenville, N. C., was found on a table in the living room. Neither defendant was at the apartment when the officers went there, and neither came while the officers were there.

The lease for the apartment was introduced into evidence. It shows that the apartment rented for $192 per month. The lease was signed by Terry Cockman, Louis H. Lucas and Bruce

State v. Cockman

Strange and began 25 March 1973. The rental record shows that rent was paid for the balance of March, for April, for May, and that a portion of that paid for June was refunded. The applications for the apartment disclose that Bruce L. Strange was from Annapolis, Maryland; that Louis H. Lucas was from Hyattsville, Maryland; and that Terry Cockman was from Rockingham, North Carolina. The applications showed that the only occupation of the three lessees was student. Lucas received $220 per month from the Veterans Administration. The others received their income from their parents.

The telephone bill, introduced into evidence, showed five telephone calls to Rockingham, North Carolina, Cockman's home. A call to Annapolis, Maryland, Strange's home (Strange was an admitted occupant of the second bedroom on the left), and other calls to Winston-Salem, three to Jacksonville, North Carolina, one to Chapel Hill, and one to Holly Oak, Delaware. Lucas's I.D. card gave his address as 3850 Tangle Lane, Winston-Salem. This was issued in September 1972.

Defendants earnestly contend that there is nothing in the evidence to connect them with the contraband or to place them in even constructive possession. We disagree. Defendants' primary argument is that neither defendant was present at the apartment and they could easily have been living elsewhere. In *State v. Allen,* 279 N.C. 406, 183 S.E. 2d 680 (1971), a very similar question was presented. A house was searched and heroin was found. Defendant was not present but the public utility services at that address were listed in his name. There was evidence that heroin purchases had been made before from that address. This evidence is not present in the case *sub judice.* However, under the facts of this case, it seems beyond belief that the amount of marijuana found, the plants, the seed, the large sum of money could lead to any conclusion but that the defendants had knowledge of the presence of the contraband in premises rented by them and that it was there for the purpose of distribution.

In *State v. Allen, supra,* Justice Branch, in affirming defendant's conviction, quoted with approval from *People v. Galloway,* 28 Ill. 2d 355, 192 N.E. 2d 370 (1963), as follows:

"Where narcotics are found on the premises under the control of the defendant, this fact, in and of itself, gives rise to an inference of knowledge and possession by him which

may be sufficient to sustain a conviction for unlawful possession of narcotics, absent other facts which might leave in the minds of the jury a reasonable doubt as to his guilt." Id. at 410.

In *State v. Harvey,* 281 N.C. 1, 12, 187 S.E. 2d 706 (1972), Justice Branch, again writing for the Court, said:

"An accused's possession of narcotics may be actual or constructive. He has possession of the contraband material within the meaning of the law when he has both the power and intent to control its disposition or use. Where such materials are found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession." See also *State v. Crouch,* 15 N.C. App. 172, 189 S.E. 2d 763 (1972).

In the case before us, we think the evidence sufficient to show "both the power and intent to control its disposition or use." The apartment was rented to defendants; there was absolutely no evidence that they had sublet to anyone; the current telephone bill showed telephone calls to the homes of defendants; one's I.D. card was found in a bedroom; and the rental record showed the rent to have been paid by the defendants for the month of May on 3 May 1973, the search having been conducted on 9 May 1973.

The jury could find from the evidence that defendants had both the power and intent to control the disposition and use of the marijuana so as to have it in their constructive possession.

The trial judge correctly denied defendants' motions for nonsuit and correctly submitted the matter to the jury.

No error.

Judges HEDRICK and VAUGHN concur.