STATE of Iowa, Appellee,

v.

Michael Joe McCULLOUGH, Appellant.

No. 57267.

Supreme Court of Iowa.

Feb. 19, 1975.

Donald R. Breitbach, Dubuque, for appellant.

Richard C. Turner, Atty. Gen., David E. Linquist, Asst. Atty. Gen., and David Remley, Jones County Atty., for appellee.

Heard before MOORE, C. J., and MASON, LeGRAND, REES and REYNOLDSON, JJ.

LeGRAND, Justice.

Defendant was convicted of selling three-fourths of an ounce of marijuana to an undercover agent for the State in violation of § 204.401(1), The Code, 1973. He appeals from the judgment imposing sentence on that conviction. We affirm the trial court.

Defendant alleges he is entitled to a reversal on two grounds. First, he says there is insufficient evidence to support his conviction; and, second, he asserts the trial court committed reversible error in allowing improper rebuttal testimony.

I. Defendant's argument concerning the sufficiency of the evidence goes more to its quality than its quantity. The State rested heavily upon evidence given by Steven Poppe, an undercover agent, who testified to making a purchase of marijuana from defendant on the night of September 15, 1973. The testimony of this agent was

conflicting and uncertain in several respects. However, he was definite and unequivocal concerning the principal events upon which the conviction rests.

■ In testing evidence against a charge it is insufficient to support a conviction, we appraise it in the light most favorable to the State and accord it every reasonable inference tending to sustain the result. State v. Banks, 213 N.W.2d 483, 485 (Iowa 1973); State v. Reeves, 209 N.W.2d 18, 21 (Iowa 1973); State v. Tokatlian, 203 N.W.2d 116, 119 (Iowa 1972).

■ Defendant's complaint is the familiar one that the jury believed the wrong witness. However, the very function of the jury is to sort out the evidence presented and place credibility where it belongs. We hold the testimony of Steven Poppe, together with scientific proof the substance tested was marijuana, was enough to take the case to the jury under the authorities already cited. See State v. Still, 208 N.W.2d 887, 891 (Iowa 1973). In this connection we point out the testimony of an undercover agent needs no corroboration. See State v. Johnson, 219 N.W.2d 690, 694 (Iowa 1974).

■ The fact there was considerable evidence contradicting this witness, particularly on the alibi issue, does not help defendant. In considering whether there is sufficient evidence we need consider only that which supports the verdict. State v. Graham, 221 N.W.2d 258, 259, 260 (Iowa 1974).

There is no merit in defendant's first assigned error.

■ II. Defendant's second complaint deals with the admission of rebuttal testimony from two witnesses, Richard Henak and Steven Poppe. A trial court has wide discretion in determining what is proper rebuttal testimony. State v. Walker, 218 N.W.2d 915, 919 (Iowa 1974); State v. Willey, 171 N.W.2d 301, 302, 303 (Iowa 1969); State v. Hephner, 161 N.W.2d 714, 718 (Iowa 1968). We do not disturb its ruling except for clear abuse of discretion. Rob-

son v. Barnett, 241 Iowa 1066, 1071, 44 N.W.2d 382, 384 (1950).

■ There was evidence the drug transaction in question had taken place on September 15, 1973, at the farmhouse where defendant lived and that Richard Henak was with Steven Poppe at that time. Both defendant and another witness, Teresa Ehrisman, testified neither Steven Poppe nor Richard Henak had been to the farm at any time during the month of September, 1973.

In rebuttal, the State sought to show by Henak and Poppe the dates during September they had been there. Henak's testimony was virtually worthless, as he remembered little concerning the matter. In no event could it be considered important enough to warrant reversal.

Poppe gave the exact dates he had been on the farm. He also related that on two of those occasions Teresa Ehrisman, despite her statements to the contrary, was present. This same matter had been partially covered in the State's main case, although not as directly or completely as on rebuttal.

The reception of this evidence was not an abuse of the wide discretion a trial court enjoys in such matters, and we accordingly hold defendant is not entitled to a reversal on this ground.

Finding no reversible error in the issues raised, the judgment of the trial court is affirmed.

Affirmed.