**STATE of Iowa, Appellee,**

v.

**David Craig METCALF, Appellant.**

**No. 59871.**

Supreme Court of Iowa.

Dec. 21, 1977.

Beck, Pappajohn & Shriver, by R. L. Stephenson, Mason City, for appellant.

Richard C. Turner, Atty. Gen., Thomas A. Evans, Asst. Atty. Gen., and Clayton L. Wornson, Cerro Gordo County Atty., for appellee.

UHLENHOPP, Justice.

This appeal involves the question of the offenses which are included in a charge of possession of a controlled substance with intent to deliver for profit.

Officers searched the residence of defendant David Craig Metcalf under a warrant and seized drugs and drug paraphernalia, including heroin. After the officers gave defendant *Miranda* warnings, defendant made admissions regarding his drug activities.

The county attorney charged defendant with possession of heroin with intent to deliver for profit, contrary to § 204.401(1) of the 1975 Code. (While the words "for profit" were unnecessary in the charge, the county attorney added them by amendment.) Section 204.401(1) reads:

1. Except as authorized by this chapter, it is unlawful for any person to . . . possess with intent to . . . deliver, a controlled substance . . . ..

2. [Counterfeit substances.]

3. [Simple possession.]

Defendant stood trial. At the conclusion of the evidence, the trial court delivered to counsel its instructions, in which the court proposed to submit two offenses to the jury for consideration: (1) possession with intent to deliver for profit and (2) simple possession as an included offense.

Defense counsel asked for submission of an additional included offense in his requested instruction 4, reading thus:

You are further instructed as follows: If you are convinced from a review of the evidence that the prosecution has proved

all the elements of the crime of possession of heroin with intent to deliver but has failed to prove that defendant possessed with intent to deliver heroin for profit, you shall find the defendant guilty of an accommodation offense.

Defense counsel relied on amended § 204.-410 which was in effect at the time of these events:

In a prosecution for unlawful delivery or possession with intent to deliver a controlled substance, if the prosecution proves that the defendant violated the provisions of section 204.401, subsection 1 but fails to prove that the defendant delivered or possessed with intent to deliver the controlled substance for the purpose of making a profit, the defendant shall be guilty of an accommodation offense and shall be sentenced as if he had been convicted of a violation of section 204.401, subsection 3. An accommodation offense may be proved as an included offense under a charge of delivering or possessing with intent to deliver a controlled substance in violation of section 204.401, subsection 1.

The trial court appears to have taken the following position: when the profit element is not proved in a prosecution under § 204.-401(1), the punishment is the same as for simple possession under § 204.401(3); therefore the included offense is simple possession. In response to requested instruction 4 the trial court stated:

Well, the court will say with respect to Requested Number 4 that the statute provides that the included offense of simple possession is an included offense and the court is instructing on that included offense.

Defense counsel then stated:

To make it clear what the position of the defendant is, Your Honor, it is the defendant's contention that there is the first and major offense of possession with intent to deliver for a profit; there is the second and included offense of possession with intent to deliver, but not for a profit; and the third offense of possession. As I understand it, under the present

instruction only the first and third of these are included and that's the reason we are offering Requested Instruction No. 4.

The county attorney next stated:

The State for the purposes of the record would state that the confusion, in our minds at least, created by the amendment to Section 204.410 is such that there appears to be at least a possibility that the request of the defense could be held by the Supreme Court to be a reasonable request, and for this reason the State would not oppose the inclusion of the requested instructions with appropriate other instructions as to the order of the offenses and so on.

The trial court adhered to its view and submitted the case on two offenses as originally proposed, stating to counsel:

The statute finally does away with the accommodation matter, which is not at any time, under the present statute, made an essential of the offense. Accommodation was a post-conviction procedure, and the purpose of the present statute is simply to avoid the cumbersome set-up, correctly enough, in requiring that the jury was required to hear the accommodation evidence in the original case. This statute plainly talks about what the included offense is, so the court has, in accordance with the statute, instructed on the two offenses.

■ I. The question in the appeal is whether the court should have submitted the accommodation offense as an included offense. To be an included offense a lesser offense must be included (1) legally and (2) factually. *State v. Rosewall*, 239 N.W.2d 171 (Iowa).

■ II. What crimes are *legally* involved in a charge under § 204.401(1) of possession with intent to deliver? Reading §§ 204.401(1) and 204.410 together, if the State proves, in addition to possession and intended delivery, that the delivery was for the purpose of making a profit, the more severe punishment in § 204.401(1) is inflicted. That, then, is the principal crime. If

however the State does not prove the profit element then, to be sure, the defendant is "sentenced", by virtue of § 204.410, "as if he had been convicted" of simple possession, but he is "guilty" of what is labeled an "accommodation offense"; the statute provides that "the defendant shall be guilty of an accommodation offense". Section 204.-410 continues: "An accommodation offense may be proved as an included offense under a charge of delivering or possessing with the intent to deliver a controlled substance in violation of section 204.401, subsection 1." Legally, therefore, three offenses are involved in a charge of possession with intent to deliver: (1) possession with intent to deliver for profit, (2) the accommodation offense, and (3) simple possession. Hence the accommodation offense also is a legally-included offense in such a charge; it involves an element which simple possession does not—intent to deliver.

This must be so or a jury would have no place to go among the forms of verdict if the jury found the elements established except as to the profit element. A charge of possession with intent to deliver under § 204.401(1) involves three elements: the defendant (1) knowingly possessed a controlled substance, (2) with intent to deliver, (3) for profit. If the State introduces substantial evidence of all three elements, the jury is satisfied as to elements (1) and (2) but not as to (3), and the court submits only (a) possession with intent to deliver for profit and (b) simple possession, the jury has no form of verdict which really fits its finding, whereas the jury does have an appropriate verdict if the accommodation offense is also submitted. The danger to a defendant when only two forms are submitted is that the jurors may find the defendant guilty of intent to deliver for profit because they believe him guilty of more than simple possession.

■ Thus if the State introduces substantial evidence of possession, with intent to deliver, for profit, the court normally would submit possession with intent to deliver for profit, the accommodation offense, and simple possession. Of course, if the State introduces substantial evidence only of possession with intent to deliver, then the court would submit only the accommodation offense and simple possession.

III. Is the *factual* element in the two-step included-offense test satisfied here? Stated otherwise, does the record contain substantial evidence of the elements of the accommodation offense? The record contains abundant proof of "possession," and so that element may be placed aside. The question is whether substantial evidence also appears of "intent to deliver."

■ Preliminarily, two factors must be borne in mind. One is that a jury may believe some of the evidence and reject other evidence, or believe part of a witness' testimony and disbelieve another part. *State v. McCullough*, 226 N.W.2d 216, 217 (Iowa) ("the very function of the jury is to sort out the evidence presented and place credibility where it belongs"); *State v. Menke*, 227 N.W.2d 184 (Iowa). Moreover, the choice between inferences to be drawn from circumstantial evidence is peculiarly the province of the jury. *State v. Lowenberg*, 216 Iowa 222, 243 N.W. 538. As a corollary, a trial court may not find an element conclusively established against an accused without a judicial admission by him—which we do not have here. *State v. Shepard*, 247 Iowa 258, 73 N.W.2d 69, overruled on other grounds, *State v. Jensen*, 189 N.W.2d 919 (Iowa).

The other factor is that no evidence of "accommodation" or "not for profit" is necessary to establish the so-called accommodation offense under § 204.410. That section is written in an unusual fashion—negative rather than affirmative. If the State proves the elements of (1) possession and (2) intent to deliver, but "fails to prove" (3) the profit element, then by virtue of § 204.410 the defendant is guilty of the accommodation offense. Thus the accommodation offense consists simply of (1) knowing possession of a controlled substance (2) with intent to deliver.

We have placed the possession element aside. The record contains substantial proof of intent to deliver. The record also

contains strong proof that the intent was to deliver "for a profit." Ordinarily the jury could accept the intent to deliver evidence and reject the profit evidence, under the rule that a jury may reject some evidence and accept other evidence. *State v. Millspaugh*, 257 N.W.2d 513 (Iowa). But the contention at this point is that the intent-to-deliver evidence is so interwoven with the for-profit evidence that the jury could not believe one without believing the other.

The record discloses, however, that the intent-to-deliver evidence is not inextricable from the for-profit evidence. Two classes of evidence in the record may be considered.

One class relates to admissions which defendant made to officers or in their presence. Defendant stated that he sold heroin at Okoboji the previous winter and was selling it at Clear Lake this summer. In the raid the officers found, inter alia, a cache containing ten bags of highly pure (77%) heroin weighing a total of 13.4 grams. Defendant stated that he owed $1000 on the heroin he had bought; that the bags in the cache each contained two grams of heroin (actually they contained a little less); that he measured out the heroin with a McDonald's spoon; that he told people how to use the heroin; that a person could "shoot up" about 1/16th gram without overdose; that he himself used heroin off and on; and that he generally sold to friends. Defendant also stated he bought the heroin for about $2500 but did not specify the quantity, and was selling it for $10 per 1/16th or 1/20th of a gram or about $200 per gram. If he bought only 13.4 grams for $2500, his cost was about $187 per gram. (Perhaps he bought more than 13.4 grams for the $2500 so that his per-gram cost was less than $187.) Since he stated he was selling for about $200 per gram, the jury could find he had a profit. Defendant's admissions were relevant on the intent-to-deliver and the for-profit issues. We may assume arguendo as the State argues that the admissions interwove the intent-to-deliver and for-profit issues so closely that a jury could not believe one without believing the other.

But these admissions were by no means all the evidence on the intent-to-deliver issue, and the jury could disbelieve this testimony of admissions altogether.

The State introduced another class of proof: much physical evidence of drugs and drug paraphernalia. Among this was the large heroin cache itself—enough for about 214 doses at 1/16th gram each. Among the other items the officers seized were a scale of a kind used to weigh drugs; a coke spoon containing a small depression and soot on the bottom, of a kind used to "snort" cocaine; a McDonald's plastic spoon; powdery substance in folded aluminum foil in a pill bottle (62% heroin); a brown case containing two syringes and a small glass vial; a roll of aluminum foil; a box of cotton such as used to swab an injection site; a green tube fashioned to be a water pipe—a "hash pipe" for smoking marijuana or hashish; marijuana roaches in a shoe box; three handmade pipes of a kind used to smoke marijuana or hashish; a plastic bag of marijuana, also cigarette papers; two plastic bags of seeds; a roach clip; a package of bags (same kind of bags as in the heroin cache); glossy paper of a kind used to wrap drugs; and $310 in cash.

■ This physical evidence, especially with defendant's admissions, made a strong case that defendant's intended delivery was for profit. But if the testimony of defendant's admissions is not believed, the physical evidence was circumstantial proof from which the jurors could draw different inferences. They could of course infer intent to deliver for profit, but they were not compelled to draw that inference; they could also simply infer intent to deliver at least some of the heroin. The choice of inferences to be drawn from this circumstantial evidence was the jury's function. The physical evidence was sufficient therefore to generate a jury issue on "intent to deliver" so as to provide a factual basis for submitting the accommodation offense. *United States v. Blake*, 484 F.2d 50 (8 Cir.), cert. den. 417 U.S. 949, 94 S.Ct. 3076, 41 L.Ed.2d 669; *Daygee v. State*, 514 P.2d 1159 (Alaska); *State v. Arce*, 107 Ariz. 156,

483 P.2d 1395; *State v. Aikins,* 17 Ariz.App. 328, 497 P.2d 835; *People v. Shipstead,* 19 Cal.App.3d 58, 96 Cal.Rptr. 513; *People v. Sotelo,* 18 Cal.App.3d 9, 95 Cal.Rptr. 486; *People v. Velasquez,* 3 Cal.App.3d 776, 83 Cal.Rptr. 916; *People v. Marquez,* 259 Cal. App.2d 593, 66 Cal.Rptr. 615, cert. den. 393 U.S. 955, 89 S.Ct. 386, 21 L.Ed.2d 367; *People v. Love,* 256 Cal.App.2d 705, 64 Cal.Rptr. 227; *People v. Robbins,* 225 Cal.App.2d 177, 37 Cal.Rptr. 244, cert. den. 382 U.S. 1017, 86 S.Ct. 631, 15 L.Ed.2d 531; *State v. Williams,* 169 Conn. 322, 363 A.2d 72; *Holden v. State,* 305 A.2d 320 (Del.Super.); *Butler v. State,* 19 Md.App. 601, 313 A.2d 554; *Ertwine v. State,* 18 Md.App. 619, 308 A.2d 414; *Commonwealth v. Pellier,* 362 Mass. 621, 289 N.E.2d 892; *Commonwealth v. Ellis,* 356 Mass. 574, 254 N.E.2d 408; *People v. Abrego,* 72 Mich.App. 176, 249 N.W.2d 345; *People v. Peterson,* 63 Mich.App. 538, 547–548, 234 N.W.2d 692, 697 ("Where the quantity is large, the intent to deliver may be a permissible inference."); *People v. Mumford,* 60 Mich.App. 279, 230 N.W.2d 395; *State v. Rathburn,* 195 Neb. 485, 239 N.W.2d 253; *State v. Sullivan,* 190 Neb. 621, 211 N.W.2d 125; *State v. Bowers,* 87 N.M. 74, 529 P.2d 300; *State v. Riera,* 276 N.C. 361, 172 S.E.2d 535; *State v. Cockman,* 20 N.C.App. 409, 201 S.E.2d 740; *State v. McDougald,* 18 N.C.App. 407, 197 S.E.2d 11; *Commonwealth v. Wright,* 234 Pa.Super. 83, 339 A.2d 103; *State v. Bankhead,* 30 Utah 2d 135, 514 P.2d 800.

Both the accommodation offense and simple possession are in this case and should have been submitted as included offenses.

REVERSED.

All Justices concur except MOORE, C. J., and LeGRAND, REES and HARRIS, JJ., who dissent.

MOORE, Chief Justice (dissenting).

I respectfully dissent on the basis (1) that submission of an accommodation offense under the statute requires proof of the affirmative element of "accommodation" and (2) there is a total lack of such evidence.

The issue here presented arises as a result of a recent change in our controlled substance statute, section 204.410, relating to proof of the accommodation offense.

Prior to July 1, 1976, section 204.410 established a two-step procedure wherein a defendant convicted of delivery of a controlled substance or of possession with intent to deliver could request an accommodation hearing if he desired the question of his status as an accommodator to be adjudicated. Section 204.410, Code 1975. If defendant properly requested the accommodation hearing prior to sentencing, see *State v. Miller,* Iowa, 241 N.W.2d 909, 911, the jury then passed on the sole issue of whether defendant by his act intended to accommodate another or intended to profit thereby. After the landmark case of *State v. Monroe,* Iowa, 236 N.W.2d 24, not only was a jury required at the second trial but the State had the burden to prove beyond a reasonable doubt that the accused was not an accommodator. In *State v. McNabb,* Iowa, 241 N.W.2d 32, 34, 35, we defined "accommodation" in terms of favor to another and contrasted it with "profit" which generally means excess of returns over expenditures in a given transaction.

I. By the recent amendment, this two-step system has been replaced by a unified procedure wherein the jury may decide an accommodation offense in the main trial. The new section, 66 G.A. (1976 Session) ch. 1245, ch. 4, section 231 (now codified as section 204.410, Code 1977), which became effective July 1, 1976, provides:

"Accommodation offense. In a prosecution for unlawful delivery or possession with intent to deliver a controlled substance, if the prosecution proves that the defendant violated the provisions of section 204.401, subsection 1 but fails to prove that the defendant delivered or possessed with intent to deliver the controlled substance for the purpose of making a profit, the defendant shall be guilty of an accommodation offense and shall be sentenced as if he had been convicted of a violation of section 204.401, subsection 3. *An accommodation offense may be*

*proved as an included offense under a charge of delivering or possession with the intent to deliver a controlled substance in violation of section 204.401, subsection 1."* (Emphasis supplied).

It is readily apparent on examination of this section the legislature intends that an accommodation offense may be proved and submitted to the jury when the record includes proof of accommodation. Accommodation is not an element of the offense of which defendant was charged and convicted.

II. Assuming, as the majority does, that accommodation is an included lesser offense herein we must consider the established law in this area.

The State in its brief stresses that we have consistently stated a lesser included offense is appropriate for submission only when the elements of the lesser offense are an elementary part of the greater offense and there is a factual basis in the record for submitting the case to the jury. I agree. *State v. Billings,* Iowa, 242 N.W.2d 726. Thus defendant was only entitled to the simple possession instruction in addition to intent with delivery for profit under the facts of this case.

The record before us is completely lacking of any evidence on which the jury could base a finding defendant intended to deliver the heroin not for profit—an accommodation. The evidence only referred to intent to deliver for profit. Defendant's statements to the arresting officers included undisputed admission he intended to deliver the drugs for profit. Therefore the facts in this case plainly excluded submission of intent to deliver as an accommodation. See *State v. York,* Iowa, 256 N.W.2d 922; *State v. McNabb, supra,* pages 34, 35 of 241 N.W.2d.

Of course, a lesser included offense is not submitted unless the evidence justifies it in the particular case. *State v. Billings, supra,* page 731 of 242 N.W.2d; *State v. Smith,* Iowa, 223 N.W.2d 223, 225; *State v. Lamar,* Iowa, 210 N.W.2d 600, 606.

I would hold defendant's contention he is entitled to reversal on the ground the trial court erred in refusing to submit possession with intent to deliver not for profit is untenable.

LeGRAND, REES and HARRIS, JJ., join in this dissent.