# IN THE COURT OF APPEALS OF IOWA

No. 18-1989
Filed April 1, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**LARRY WIGGINS JR.,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, John Telleen, Judge.

Larry Wiggins Jr. appeals his conviction of possession of marijuana with intent to deliver. **AFFIRMED.**

Eric D. Tindal of Keegan Tindal & Mason, Iowa City, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**MULLINS, Judge.**

Larry Wiggins Jr. appeals his conviction of possession of marijuana with intent to deliver. He argues his attorney was ineffective in failing to request a jury instruction concerning accommodation and failing to challenge the sufficiency of the evidence supporting his conviction. He also argues the court erred in denying his motion for mistrial during jury selection.

**I.      Background Facts and Proceedings**

On December 22, 2017, Officers Seth Farley and Matthew Lovelady of the Davenport Police Department were on routine patrol in an unmarked police vehicle when they observed Wiggins pulling out of a fast-food restaurant in a vehicle. Wiggins was driving, and his brother, Traa Michaels, was in the passenger seat. Lovelady knew Wiggins to be the subject of an outstanding arrest warrant. Wiggins was traveling behind the officers in their cruiser when he turned right on a side street. The officers relayed information regarding Wiggins's location to Lieutenant Kevin Smull. Ultimately Wiggins was located by Farley and Lovelady in an apartment complex parking lot located in an area known to the officers as one of high crime and drug trafficking. The officers activated the emergency lights of their cruiser and, after an unsuccessful attempt to flee by Wiggins, the officers had the vehicle's occupants exit at gunpoint.

Officer Joseph Dorton assisted Wiggins out of the vehicle, after which he searched Wiggins's person and found $588 and a cell phone. The cash was broken up into two $100 bills, one $50 bill, sixteen $20 bills, two $5 bills, and eight $1 bills. Smull testified the large amount of twenty dollar bills stood out to him, as that denomination is commonly used for purchasing narcotics. While the driver's

side door was open, Smull observed two clear sandwich baggies containing what he "thought to be high grade marijuana." He also smelled a "distinct odor of raw marijuana," as opposed to burnt marijuana. Ultimately, one bag contained twenty-seven grams of marijuana; the other contained 6.9 grams of the substance. Each of the openings of the bags were tied in a knot, which Smull testified indicated to him they were recently purchased or about to be sold. Smull testified marijuana is sold in increments, which for "a low level marijuana dealer," would normally include a quarter ounce, which is seven grams, or an ounce, which is twenty-eight grams. While Smull testified the amounts found were for personal use was "a possibility," he did not believe that to be the case given the presentation of the bags, the fact they contained roughly a quarter ounce and ounce, and the money found on Wiggins's person. Smull also found a marijuana blunt and police scanner in the car, as well as two additional cell phones in the handle of the driver side door. He testified the presence of multiple cell phones was a sign of drug trafficking.[1]

Wiggins testified on his own behalf at trial. He testified he has a drug problem and regularly smokes an ounce of marijuana per day and indicated the marijuana found in the vehicle was for personal use. Of the money found on his person, he testified $250 was his and the rest he received from his girlfriend, all of which he intended to use to buy Christmas gifts for his children. He also acknowledged he had smoked some of the marijuana, a blunt, with Michaels

---

[1] 3.7 grams of marijuana was also found in Michaels's pocket. Smull testified the marijuana found on Michaels was different from the marijuana contained in the sandwich bags.

shortly before his run-in with law enforcement, and they intended to smoke again shortly thereafter.

Wiggins was formally charged by trial information with possession of marijuana with intent to deliver. The matter proceeded to trial. During jury selection, a prospective juror, who identified himself as the night-shift commander of the Davenport Police Department's patrol unit, was asked if he knew Wiggins. He responded, "I know of him," and subsequently elaborated, "I know my shift has dealt with him before." The court, on its own motion, excused the prospective juror on the ground that he would know too many of the witnesses in the case. At the next recess, Wiggins moved for a mistrial on the ground that the prospective juror's statements were prejudicial. The State responded that the statements were not prejudicial because the jury would hear evidence that Wiggins had a warrant out for his arrest and that could be the reason why law enforcement was familiar with him and also pointed to the vagueness of the statements. The court denied the motion.

Following the State's case-in-chief, Wiggins moved for judgment of acquittal on the ground that the State failed to prove he was in possession of the subject marijuana. The court denied the motion. Wiggins's renewed motion for a directed verdict was likewise denied following the presentation of the evidence for the defense. The jury ultimately found Wiggins guilty as charged. Wiggins appealed following the imposition of sentence.

## II.    Analysis

### A.    Motion for Mistrial

Wiggins argues the court abused its discretion in denying his motion for a mistrial based on his argument that a police officer's statements during jury selection that he knew of Wiggins and his shift "has dealt with him before," was improper bad acts evidence and injected prejudice into the trial.

We review the district court's denial of a mistrial motion for an abuse of discretion. *State v. Plain*, 898 N.W.2d 801, 811 (Iowa 2017).  This is our most deferential standard of review.  *State v. Roby*, 897 N.W.2d 127, 137 (Iowa 2017). An abuse of discretion occurs when the court "exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable."  *State v. Wickes*, 910 N.W.2d 554, 564 (Iowa 2018) (quoting *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016)).  Trial courts have broad discretion in ruling on motions for a mistrial.  *State v. Brown*, 397 N.W.2d 689, 699 (Iowa 1986).  This is because "they are present throughout the trial and are in a better position than the reviewing court to gauge the effect of the matter in question on the jury."  *State v. Jirak*, 491 N.W.2d 794, 796 (Iowa Ct. App. 1992).  "A mistrial is appropriate when 'an impartial verdict cannot be reached' or the verdict 'would have to be reversed on appeal due to an obvious procedural error in the trial.'"  *State v. Newell*, 710 N.W.2d 6, 32 (Iowa 2006) (quoting *State v. Piper*, 663 N.W.2d 894, 902 (Iowa 2003), *overruled on other grounds by State v. Hanes*, 790 N.W.2d 545, 550–51 (Iowa 2010)). "Ordinarily, abuse of discretion is found upon the denial of a mistrial only where there is no support in the record for the trial court's determination."  *Jirak*, 491 N.W.2d at 796.

An abuse of discretion in denying a mistrial motion occurs "only when defendant shows prejudice which prevents him from having a fair trial." *State v. Callender*, 444 N.W.2d 768, 770 (Iowa Ct. App. 1989). Upon our review of the record, we are unable to say that burden has been met here. The statements were brief and inadvertent. *See Plain*, 898 N.W.2d at 815. Furthermore, the statements did not amount to evidence. The jury was expressly instructed it must decide the case "from the evidence and the law in [the court's] instructions" and items "not offered and received into evidence" cannot be utilized in deliberations. The court also instructed the jury evidence it could use in deliberations was limited to testimony, exhibits, and stipulations, none of which encompass the officer's statements. Appellate courts presume juries abide by the court's instructions, *State v. Sanford*, 814 N.W.2d 611, 620 (Iowa 2012); *Hanes*, 790 N.W.2d at 552, and we are thus unconvinced the complained-of statements had any prejudicial effect on the jury's verdict.

B.      Ineffective Assistance of Counsel

   1.      *Accommodation instruction*

Next, Wiggins argues his counsel was ineffective in failing to request a jury instruction concerning accommodation with a special interrogatory concerning quantity. We review claims of ineffective assistance of counsel de novo. *State v. Lilly*, 930 N.W.2d 293, 298 (Iowa 2019). Wiggins "must establish by a preponderance of the evidence that '(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice.'" *State v. Lopez*, 907 N.W.2d 112, 116 (Iowa 2018) (quoting *State v. Harris*, 891 N.W.2d 182, 185 (Iowa 2017)); *accord Strickland v. Washington*, 466 U.S. 668, 687 (1984). We "may

consider either the prejudice prong or breach of duty first, and failure to find either one will preclude relief." *State v. McNeal*, 897 N.W.2d 697, 703 (Iowa 2017) (quoting *State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015)). A failure to register meritless arguments or motions does not amount to ineffective assistance of counsel. *See Lilly*, 930 N.W.2d at 390; *State v. Tompkins*, 859 N.W.2d 631, 637 (Iowa 2015).

Wiggins's argument is premised on his position that quantity was an element of the offense of which he was convicted. Iowa Code section 124.401(1)(d) (2017) classifies possession of fifty kilograms or less of marijuana with intent to deliver as a class "D" felony. A class "D" felony is punishable by, among other things, an indeterminate term of incarceration not to exceed five years. Iowa Code § 902.9(1)(e). However, section 124.410 provides:

> In a prosecution for unlawful delivery or possession with intent to deliver marijuana, if the prosecution proves that the defendant violated the provisions of section 124.401, subsection 1, by proving that the defendant delivered or possessed with intent to deliver one-half ounce or less of marijuana which was not offered for sale, the defendant is guilty of an accommodation offense and rather than being sentenced as if convicted for a violation of section 124.401, subsection 1, paragraph "d", shall be sentenced as if convicted of a violation of section 124.401, subsection 5. An accommodation offense may be proved as an included offense under a charge of delivering or possessing with the intent to deliver marijuana in violation of section 124.401, subsection 1.

A first-offense violation of section 124.401(5) when the subject controlled substance is marijuana amounts to a serious misdemeanor punishable by, among other things, imprisonment in the county jail for not more than six months.

Citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), Wiggins argues "any fact that increases the penalty for a crime beyond the prescribed statutory

maximum must be submitted to a jury, and proved beyond a reasonable doubt." He also cites *State v. Butler*, 706 N.W.2d 1, 5 (Iowa 2005) (applying *Apprendi*), in arguing "if a defendant's punishment may be increased upon the finding of a fact, that fact—'no matter how the State labels it'—is treated as an element of the crime for constitutional purposes." With these principles and section 124.410 in mind, Wiggins takes the position that the State was required to prove, beyond a reasonable doubt, he intended to deliver more than half an ounce—fourteen grams—of marijuana.

As the State points out, however, only facts that "increase the maximum penalty for a crime" must be proven by the State beyond a reasonable doubt. *State v. Jacobs*, 644 N.W.2d 695, 698 (Iowa 2001). And, our supreme court has stated *Apprendi* only requires the establishment of facts that support a sentencing enhancement to be found by the jury. *State v. Walker*, 856 N.W.2d 179, 188 (Iowa 2014). Here, Wiggins was charged with possession of marijuana with intent to deliver, not accommodation. Wiggins argues the State was required to prove beyond a reasonable doubt that he intended to deliver more than fourteen grams of marijuana. Proof of that fact would mitigate Wiggins's sentence, not enhance it. As such *Apprendi* does not apply to require the State to prove the allegedly required element. We thus find counsel was under no duty to request the accommodation instruction on the basis argued on appeal and Wiggins suffered no prejudice as a result of the alleged deficiency.[2]

---

[2] Wiggins makes no appellate claim that accommodation is a lesser-included offense of possession with intent to deliver and the court was therefore required to instruct the jury on that crime. *See State v. Jeffries*, 430 N.W.2d 728, 737 (Iowa 1988) (noting trial courts in Iowa are required to "automatically instruct on a lesser-

### 2. *Sufficiency of the evidence*

Finally, Wiggins argues his counsel was ineffective in failing to challenge the intent element of the crime. When a defendant challenges counsel's effectiveness in relation to failing to preserve error on a challenge to the sufficiency of the evidence for want of an adequate motion for judgment of acquittal, the overarching question is "whether such a motion would have been meritorious." *See Lilly*, 930 N.W.2d at 298 (quoting *State v. Henderson*, 908 N.W.2d 868, 874–75 (Iowa 2018)). "If the record does not reveal substantial evidence to support the convictions, counsel was ineffective for failing to raise the issue. If, however, the record contains sufficient evidence, counsel's failure to raise the claim was not prejudicial and the claimant's ineffective-assistance-of-counsel claim fails." *State v. Albright*, 925 N.W.2d 144, 152 (Iowa 2019). We proceed to the merits.

Challenges to the sufficiency of the evidence are reviewed for corrections of errors at law. *Id.* at 150. The court views "the evidence 'in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence.'" *State v. Ortiz*, 905 N.W.2d 174, 180 (Iowa 2017) (quoting *State v. Huser*, 894 N.W.2d 472, 490 (Iowa 2017)). All evidence is considered, not just that of an inculpatory nature. *See Huser*, 894 N.W.2d at 490. "[W]e will uphold a verdict if substantial evidence supports it." *Wickes*, 910 N.W.2d at 563 (quoting *State v. Ramirez*, 895 N.W.2d 884, 890 (Iowa 2017)). "Evidence is substantial if,

---

included offense if the legal test is met as to a greater offense that has support in the evidence."); *cf. State v. Metcalf*, 260 N.W.2d 857, 859–62 (Iowa 1977) (considering, under prior statutes, whether accommodation should have been submitted to the jury as a lesser-included offense of possession of a controlled substance with intent to deliver for profit.). We consider any such argument waived.

'when viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt.'" *Id.* (quoting *Ramirez*, 895 N.W.2d at 890). Evidence is not rendered insubstantial merely because it might support a different conclusion; the only question is whether the evidence supports the finding actually made. *See Brokaw v. Winfield-Mt. Union Cmty. Sch. Dist.*, 788 N.W.2d 386, 393 (Iowa 2010). In considering a sufficiency-of-the-evidence challenge, "[i]t is not the province of the court . . . to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence; such matters are for the jury." *State v. Musser*, 721 N.W.2d 758, 761 (Iowa 2006) (quoting *State v. Williams*, 695 N.W.2d 23, 28 (Iowa 2005)).

The jury was instructed the State was required to prove Wiggins delivered the marijuana or possessed the marijuana with intent to deliver it. The instructions defined "specific intent" to mean "not only being aware of doing an act and doing it voluntarily, but in addition, doing it with a specific purpose in mind." The terms "deliver" or "delivery" were defined to mean "the actual, constructive, or attempted transfer of a substance from one person to another."[3]

In his testimony, Wiggins specifically admitted to sharing the marijuana with Michaels and the pair consuming it together. The evidence was unquestionably sufficient to show a specific intent to actually transfer the substance from one person to another. But our analysis does not end there. $588 dollars was found

---

[3] During deliberations, the jury asked for a definition of "delivery" of a controlled substance, which was omitted from the jury instructions. The parties agreed on submitting the foregoing definitional instruction.

on Wiggins's person, which included sixteen $20 bills. Smull, who explained his extensive experience in narcotics investigations, indicated the large amount of $20 bills was consistent with drug trafficking as that denomination is commonly used for purchasing narcotics. Three cell phones were found on and about Wiggins's person. Smull testified the presence of multiple cell phones was a sign of drug trafficking and explained why. Smull also explained the presentation of the baggies of marijuana indicated they were recently purchased or about to be sold. Smull also testified the amounts of marijuana contained in the baggies, roughly a quarter ounce and full ounce, were consistent with "a low level marijuana dealer." While Smull acknowledged the amounts found could be consistent with personal use was "a possibility," based on the totality of circumstances, he believed the marijuana was not for personal use. While Wiggins attempted to explain away the State's evidence by urging he smoked large amounts of marijuana daily and the money was to be spent on gifts, the totality of the evidence, when viewed in the light most favorable to the State, could convince a rational jury that Wiggins intended to deal the drugs. We therefore conclude Wiggins's conviction is supported by substantial evidence and no prejudice flowed from his counsel's failure to challenge the intent element in his motions for judgment of acquittal.

## III. Conclusion

Having found no abuse of discretion in the court's denial of Wiggins's mistrial motion and counsel was not ineffective as alleged, we affirm Wiggins's conviction.

**AFFIRMED.**