STATE OF NEBRASKA, APPELLEE, v. KEVIN SULLIVAN, APPELLANT.

211 N. W. 2d 125

Filed October 12, 1973. No. 38958.

Charles F. Fitzke and James T. Hansen, for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

The defendant appeals from a conviction for possession of marijuana with intent to distribute. The sole issue is whether the evidence of intent to distribute was sufficient to sustain the conviction.

The record shows the defendant and Rick Strong lived at 1313 ½ 16th Avenue in Scottsbluff, Nebraska. In a search of the premises on June 9, 1972, the police discovered 29 small plastic bags containing marijuana. Each

bag contained a quantity referred to as a "lid." Two of the bags of marijuana were found in a sleeping bag inside the house. Twenty-seven bags of marijuana were found in a paper sack under some boards along the north side of the house. The officers also found some stems in a wastebasket in the house. The total weight of the marijuana found was 442.8 grams or slightly less than 1 pound. There was evidence that this quantity was sufficient to make between 800 and 900 cigarettes, a 2- to 3-years' supply for an average user.

The defendant and Strong claimed they had purchased 31 small bags of the marijuana on June 6, 1972, for $150, the price normally charged for a 1-pound "brick" of marijuana. The evidence shows that a "lid" then sold at retail for $15. They testified they intended to use the marijuana themselves and that the dealer had sold them "lids" at the "brick" price because he had no "bricks" on hand at that time.

The evidence, although circumstantial and in dispute, presented a question for the trier of fact. The possession of a large quantity of a controlled substance packaged in a form customarily used for distribution will support an inference of possession with intent to distribute. See Turner v. United States, 396 U. S. 398, 90 S. Ct. 642, 24 L. Ed. 2d 610. We conclude the evidence was sufficient to sustain the conviction for possession with intent to distribute.

The judgment of the District Court is affirmed.

AFFIRMED.

McCown, J., concurring in result.

The holding of the majority opinion places undue emphasis upon the amount of marijuana involved here by using the term "large quantity" in referring to less than one pound of marijuana. The Legislature has already made one pound of marijuana the dividing line between minimal and serious offenses where possession alone is involved. See § 28-4,125, R. S. Supp., 1972. In view of the statutory distinctions, less than one pound

of marijuana in the joint possession of two individual users can hardly be classified as a "large quantity." Particularly is this so where the record indicates that the marijuana here was in a form in which it may commonly be possessed either for distribution or use.

Nevertheless, in this case there was substantial evidence other than mere quantity on the issue of possession with intent to distribute. For that crime, even a fraction of an ounce is sufficient. Here, in addition to the packaged marijuana which was found concealed in two locations in the house, the officers also found a quantity of marijuana stems in a wastebasket. They also testified that they found a quantity of plastic bags of the kind used for packaging marijuana. Although perhaps marginal, the evidence was sufficient to sustain the conviction for possession with intent to distribute.