STATE OF NEBRASKA, APPELLEE, V. WILLIE A. TURNER, APPELLANT.

222 N. W. 2d 105

Filed October 3, 1974. No. 39356.

Frank B. Morrison, Sr., Stanley A. Krieger, and Thomas D. Carey, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.

The defendant was found guilty by a jury of possession of a controlled substance with intent to distribute. He was sentenced to imprisonment for a term of 3 to 9 years. The defendant's contention on appeal is that the evidence is insufficient to establish an intent to distribute.

(397)

Shortly before noon on April 1, 1973, police officers executed a search warrant at an apartment in Omaha, Nebraska. Upon entering the apartment, the officers observed the defendant and a companion, both of whom were holding hypodermic needles to their arms. The substance in the two syringes was later identified as heroin. On a coffee table directly in front of the defendant and his companion there was an envelope with 15 packets of heroin and 1 packet of a white powder. The individuals were arrested and the officers conducted a search of the apartment. In a drawer in the kitchen the officers found a brown paper sack. It contained 7 cartons and a small bottle of a substance called dormin; a package of 1,000 staples; 13 envelopes; a stapler; a strainer; scissors; and a small measuring utensil. The officers also found another brown paper sack that contained 431 tinfoil squares.

There was testimony that dormin is commonly used to dilute heroin in preparation for street sale and that the other items were also of the sort commonly and regularly used in preparing and packaging heroin for street sale. There was also testimony that the occupants of the apartment, including the defendant, were all users of heroin and that the 15 or 16 packets of heroin actually seized would last an addict only 1 or 2 days.

The defendant's contention is that possession of a controlled substance by a user, in a form and amount he might commonly have for his own use, will not support an inference of intent to distribute. That argument assumes that the quantity of heroin found was the only evidence tending to establish intent to distribute. The defendant ignores all the other evidence as to the intent or purpose of possession. Here the evidence established that virtually all the equipment, supplies, and packaging material found were of the kind commonly and generally used in connection with the packaging, distribution, and delivery of heroin.

Circumstantial evidence is sufficient to support an inference of possession with intent to distribute. State v. Sullivan, 190 Neb. 621, 211 N. W. 2d 125. Circumstantial evidence to establish that possession of a controlled substance was with intent to distribute or deliver may consist of the quantity of the substance, the equipment and supplies found with it; the place it was found; the manner of packaging; and the testimony of witnesses experienced and knowledgeable in the field. See, State v. Jung, 19 Ariz. App. 257, 506 P. 2d 648; People v. De La Torre, 73 Cal. Rptr. 704, 268 Cal. App. 2d 122. In this case it would require a legal magician to make the evidence of intent to distribute disappear or to transform it into evidence of possession for personal use alone.

The judgment is affirmed.

AFFIRMED.