STATE OF NEBRASKA, APPELLEE, v. DONALD J. SKONBERG, APPELLANT.

233 N. W. 2d 919

Filed October 23, 1975. No. 39809.

Frank B. Morrison and Joseph F. Bataillon, for appellant.

Paul L. Douglas, Attorney General, and Ralph H. Gillan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

The defendant appeals from a conviction and sentence for possession of marijuana with intent to deliver. The assignments of error relate to the ruling of the trial court on the defendant's motion to suppress evidence which was discovered through a search of his luggage.

The defendant purchased an airline ticket to Minneapolis at the Omaha airport on the morning of May 17, 1974. At that time he checked two suitcases at the ticket counter which were then placed in a baggage

room. A senior passenger agent for the airline who handled the suitcases noticed the smell of marijuana about them and opened one of the cases in the baggage room. He found a plastic bag containing about 4 pounds of marijuana in the first suitcase. He then called the police who arrested the defendant, and took the defendant to the baggage room where the second suitcase was opened by the police. A plastic bag containing about 16 pounds of marijuana was found in the second suitcase.

The airline senior passenger agent who opened and searched the first suitcase was not a law enforcement officer. The constitutional provision against unreasonable searches and seizures applies only to governmental agencies and not to private persons. State v. Gundlach, 192 Neb. 692, 224 N. W. 2d 167. See, also, United States v. Issod (7th Cir.), 508 F. 2d 990. So far as the search of the first suitcase was concerned the motion to suppress was without merit.

The police officer who arrested the defendant and later opened the second suitcase testified, "We asked the party at that time if we could open it, and he said, yeah. He said that he didn't have a key, that we would have to pry it open." The defendant did not testify but there was other testimony which raised some question as to whether the defendant had consented to the search of the second suitcase.

The existence and voluntariness of a consent to search is a question of fact. State v. Holloway, 187 Neb. 1, 187 N. W. 2d 85. The evidence presented a question of fact as to consent which the trial court resolved against the defendant. The finding was not clearly wrong and was sustained by the testimony of the police officer. The motion to suppress was properly overruled.

The judgment of the District Court is affirmed.

AFFIRMED.

WHITE, C. J., not participating.