STATE OF NEBRASKA, APPELLEE, V. MARK L. RATHBURN, APPELLANT.

239 N. W. 2d 253

Filed February 26, 1976. No. 40247.

Robert J. Bulger, for appellant.

Paul L. Douglas, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BRODKEY, J.

Mark L. Rathburn appeals to this court from his conviction by a jury in the District Court for Morrill County of possession of marijuana weighing more than 1 pound, as charged in count I of the information, and of lysergic acid diethylamide (commonly known as LSD), with the intent to distribute that controlled substance, as charged in count II. Following a commitment to the Division of Corrections of the State of Nebraska for evaluation for a period of 61 days, pursuant to section 83-1,105(3), R. S. Supp., 1974, he was sentenced by the court to imprisonment in the Nebraska Penal and Correctional Complex for a period of 2 years on each count, the sentences to run concurrently with each other, and was further given credit for the time he spent in confinement during evaluation by the Division of Corrections.

His appeal to this court involves three principal issues. The first involves the validity of the search of his vehicle made by the officer at the time of his arrest, it being appellant's contention that the court erred in overruling his motion to suppress the evidence removed from his automobile because it was obtained by an illegal search and seizure contrary to the provisions of both the federal and state Constitutions. Secondly, he assigns as error that the evidence adduced at his trial does not support a verdict of guilty of possession of LSD "with intent to distribute." Thirdly, he assigns as error the action of the court in receiving in evidence a certain coke spoon, State's exhibit 4, it being his contention it was not rele-

vant to the charges for which he was being tried, and was prejudicial to him. We conclude his contentions are without merit, and affirm the judgment of the District Court.

The material facts of this case, as reflected by the record, are as follows. On October 4, 1974, state trooper Sam Frandsen stopped the car driven by Rathburn for exceeding the speed limit while traveling north on U. S. Highway No. 385. Frandsen testified that when he approached appellant's car to inform him that he had been speeding, he smelled the odor of "burnt marijuana." He also observed some Zig-Zag cigarette papers on the car floorboard by Rathburn's feet. Rathburn got out of his car and accompanied Frandsen to his cruiser where he sat on the passenger side of the car while Frandsen prepared the speeding citation. Rathburn had produced a valid license and registration. While they were seated in the cruiser, the officer again noticed the odor of burned marijuana.

After appellant had signed the citation, Frandsen informed him that he could smell burned marijuana on him and asked him if he had been smoking marijuana. Rathburn replied "No, I haven't," and consented to a search of his person. Frandsen found no drugs, but did find a roach clip and coke spoon on Rathburn's key chain. These were returned to appellant at that time. The officer then requested permission to search the car, which Rathburn gave. As a result of Frandsen's search of the interior of the car, he discovered the previously mentioned cigarette papers, as well as additional cigarette papers under the front passenger seat. Frandsen then asked Rathburn to open the trunk. Rathburn refused. Frandsen then stated, "Okay, I will get a search warrant." He started back to his cruiser, and had just opened the door when appellant said, "All right, you son-of-a-bitch, I will open it." The trunk lock was missing and Rathburn used a screwdriver to open the lid. Inside the trunk the officer found a brown paper grocery

sack which he opened. Two opaque white plastic bags were inside the sack along with an envelope. The white bags contained marijuana. The envelope contained four separate baggies each with a quantity of about 100 purple pills, later identified as LSD. The officer then advised Rathburn he was under arrest, and they drove their respective vehicles to the sheriff's office at Bridgeport.

Under the above facts, did Officer Frandsen obtain the drugs and other evidence referred to in violation of Rathburn's constitutional rights against unreasonable searches and seizures, with the result that its subsequent use against him during the trial was illegal? We conclude he did not. Initially it should be noted that Officer Frandsen's stop of Rathburn's vehicle was perfectly legal. It was his duty to enforce the traffic laws of this state, and he had observed Rathburn in the act of speeding, which was confirmed by his mobile radar unit. At that point, it is also clear that he would have had probable cause to search the car as he smelled the odor of burned marijuana in the car when he requested Rathburn to produce his driver's license and registration certificate. He also saw in plain view on the floor of the automobile at that time Zig-Zag cigarette papers. While these papers, concededly, could have been used for the purpose of rolling ordinary cigarettes, there is evidence in the record that they are very frequently used for rolling marijuana cigarettes, and the officer knew that fact. Subsequently, while in the officer's cruiser, the officer again noticed the smell of burned marijuana about Rathburn's person, and obtained consent from Rathburn to search his vehicle. The totality of the circumstances was clearly sufficient to authorize the officer to search the car itself. State v. Wood, *ante* p. 353, 238 N. W. 2d 226 (1976); State v. Romonto, 190 Neb. 825, 212 N. W. 2d 641 (1973). Additional Zig-Zag cigarette papers were found as the result of that consent search.

While there was undoubtedly probable cause for Frandsen to search the car itself, he justifies his search of the trunk on an entirely different ground, that is, upon the consent of Rathburn. It has long been the rule in this state that a warrantless search of a defendant's automobile and seizure of materials found therein is reasonable and lawful when the defendant has consented freely and intelligently to the search, even though he is not under arrest at that time. State v. Forney, 181 Neb. 757, 150 N. W. 2d 915 (1967); State v. Fiegl, 184 Neb. 704, 171 N. W. 2d 643 (1969); State v. Holloway, 187 Neb. 1, 187 N. W. 2d 85 (1971); State v. Van Ackeren, 194 Neb. 650, 235 N. W. 2d 210 (1975); State v. Skonberg, 194 Neb. 550, 233 N. W. 2d 919 (1975); State v. Wood, *supra.* However, when a prosecutor seeks to rely upon consent to justify the lawfulness of a search, he has the burden of proving that the consent was, in fact, freely and voluntarily given. State v. Van Ackeren, *supra;* Schneckloth v. Bustamonte, 412 U. S. 218, 93 S. Ct. 2041, 36 L. Ed. 2d 854 (1973); Bumper v. North Carolina, 391 U. S. 543, 88 S. Ct. 1788, 20 L. Ed. 2d 797 (1968). The voluntariness of the consent to search should be determined from the totality of all the circumstances surrounding it. State v. Van Ackeren, *supra;* Schneckloth v. Bustamonte, *supra.* A question of whether a consent to search is voluntarily given is a question of fact. Schneckloth v. Bustamonte, *supra;* State v. Skonberg, *supra;* State v. Van Ackeren, *supra;* State v. Holloway, *supra.* We have also held that a consent is not voluntary if it is the result of duress or coercion, either actual or implied. State v. Forney, *supra.* In Schneckloth v. Bustamonte, *supra,* the United States Supreme Court makes it clear that the consent to search must "be free from any aspect of official coercion."

Applying the above rules to this case, it is clear from the evidence that Rathburn originally refused to open the trunk of the car when he was requested to do so by the officer. The officer then stated "Okay, I'll get a

warrant." Rathburn then consented to and did open the trunk of the car. It is his contention that his action in so doing did not constitute a free and voluntary consent to search but was the result of offical coercion, because of the statement relative to obtaining a warrant. We do not agree. There is no doubt that false assertions that one already *has* a warrant will vitiate a consent to search. Bumper v. North Carolina, *supra*. However under the facts of the instant case, all the officer said was that he would *get* a warrant. In situations where the searching officer has stated that he could obtain or was in the process of getting a warrant, the courts have never found such a statement coercive per se. Rather, the courts have generally looked at the statement made by the officer to determine if it was coercive in the particular factual situation. In United States v. Culp, 472 F. 2d 459 (8th Cir., 1973), in footnote 1, on page 461, Judge Lay lists many cases, both federal and state, to the effect that where law enforcement officers indicate only that they will attempt to obtain or are getting a warrant such a statement cannot serve to vitiate an otherwise consensual search. See, particularly, United States v. Boukater, 409 F. 2d 537 (5th Cir., 1969); United States v. Manarite, 314 F. Supp. 607 (S.D.N.Y., 1970); United States v. Fitzpatrick, 289 F. Supp. 767 (N.D. Utah, 1968); State v. Douglas, 260 Ore. 60, 488 P. 2d 1366 (1971); Barlow v. State, 280 A. 2d 703 (Del., 1971). See, also, United States v. Faruolo, 506 F. 2d 490 (2d Cir., 1974), citing additional cases, and also holding that well-founded advice of a law enforcement agent that, absent a consent to search, a warrant can be obtained does not constitute coercion. See, also, United States v. Savage, 459 F. 2d 60 (5th Cir., 1972).

As previously stated, the determination of whether a consent to search is voluntarily given is a question of fact. State v. Van Ackeren, *supra;* State v. Holloway, *supra.* The facts were presented to the court in its fact-finding capacity at its hearing on the motion to

suppress the evidence, and were decided adversely to the appellant. The court was correct in refusing to suppress the evidence in question.

We next consider the question of whether the evidence supported a verdict on the charge of possession of LSD with intent to distribute. We conclude it did. It appears from the evidence that about 400 LSD tablets were seized. They were divided into lots of about 100 and each group was separately packaged in a small plastic bag. Intent to distribute may be inferred from circumstantial evidence. State v. Turner, 192 Neb. 397, 222 N. W. 2d 105 (1974). While the quantity seized is not the only criterion in raising a permissible inference of intent, it is relevant along with the equipment and supplies seized, the place where it was found, the manner of packaging, and the testimony of knowledgeable witnesses. State v. Turner, *supra,* at 399. The evidence indicated that the quantity of pills seized would afford a user a daily trip of between 8 to 10 hours for over 1 year's time, obviously not a normal supply for personal use. Also, unless one is pressing the tabs out of powdered substances, no additional equipment would be necessary, except containers for the pills to be distributed. In State v. Sullivan, 190 Neb. 621, 211 N. W. 2d 125 (1973), this court stated that: "The possession of a large quantity of a controlled substance packaged in a form customarily used for distribution will support an inference of possession with intent to distribute," citing Turner v. United States, 396 U. S. 398, 90 S. Ct. 642, 24 L. Ed. 2d 610 (1970). The "form customarily used for distribution," as referred to in State v. Sullivan, *supra,* is the individually wrapped lot. In any event, the evidence raised a jury question, and this court will not overturn a jury verdict if there is substantial evidence, taking the view most favorable to the State, to support it. State v. Lacy, *ante* p. 299, 237 N. W. 2d 650 (1976).

Finally, we consider Rathburn's assignment that the

court's admitting into evidence the coke spoon constituted prejudicial error.

After Rathburn was arrested, the coke spoon and roach clip found on his key chain were seized and offered in evidence at the trial. There is no question that the roach clip, described as an instrument used in the smoking of marijuana cigarettes, was properly received in evidence, and no error is assigned in that regard. Counsel for appellant, however, voiced repeated objections of irrelevancy and immateriality to the introduction of the coke spoon, an instrument used for sniffing cocaine, which, although a controlled drug, was not involved in this case. The twin concepts of relevancy and materiality have been combined in Nebraska by case law and by the new Nebraska Evidence Rules. This court has said that evidence is relevant when it has an actual and substantial tendency to establish or disprove a fact being litigated or where it tends to establish a fact from which the existence or nonexistence of the fact in issue can be directly inferred. Rickertsen v. Carskadon, 169 Neb. 744, 100 N. W. 2d 852 (1960). Section 27-401, R. S. Supp., 1975, of the new Nebraska Evidence Rules applicable in all trials commenced after December 31, 1975, states: "Relevant evidence means evidence having any tendency making the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Section 27-403, R. S. Supp., 1975, also provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." See, also, McCormick on Evidence, (2d Ed., 1972), § 184, pp. 433, 434. The State argues that even if the coke spoon is not used in connection with marijuana or LSD, which are the drugs involved in this case, it is still relevant

and was properly admitted, as it tended to indicate a general disposition toward drug involvement. Appellant, on the other hand, claims that the only possible purpose for its introduction was to prejudice the jury. We are inclined to believe that the introduction of the coke spoon was not relevant under the facts of this case, but we conclude that the error was harmless error under section 29-2308, R. R. S. 1943. We have carefully read the entire record in this case and have concluded that it contains convincing evidence of Rathburn's guilt of both charges beyond a reasonable doubt. We also note that the trial court imposed the identical sentence of 2 years for each offense and ordered them to run concurrently. This being so, Rathburn, as a practical matter received only a 2-year sentence. Had he been convicted by the jury of only the offense of possession of marijuana weighing more than 1 pound, as charged in count I of the information, he could have received, and in fact did receive, the same sentence.

We affirm the judgment and sentence of the District Court.

AFFIRMED.