STATE OF NEBRASKA, APPELLEE, V. TERRY L. CHRISTIANSON, APPELLANT.

348 N.W.2d 895

Filed May 25, 1984. Nos. 83-509, 83-510.

Thomas M. Kenney, Douglas County Public Defender, and Victor Gutman, for appellant.

Paul L. Douglas, Attorney General, and Terry R. Schaaf, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

This appeal consists of two separate cases which

have been consolidated for purposes of appeal. In case No. 83-509 the appellant, Terry L. Christianson, was convicted of robbery, in violation of Neb. Rev. Stat. § 28-324 (Reissue 1979), and the use of a firearm to commit a felony, in violation of Neb. Rev. Stat. § 28-1205 (Reissue 1979). Robbery is a Class II felony and the use of a firearm is a Class III felony. This conviction grew out of a robbery committed on October 11, 1982, of the Payless shoestore in Omaha, Nebraska.

In case No. 83-510 Christianson was also convicted of robbery and the use of a firearm to commit a felony in connection with the robbery of the Radio Shack on September 29, 1982. In addition to robbing the Radio Shack, Christianson was also charged and convicted in No. 83-510 with robbing Robert H. Roose, Sister Timothy Marie O'Roark, and Georgianna Brown on September 29, 1982, while they were customers in the Radio Shack. Following a jury trial, which resulted in Christianson being convicted of all the charges in both cases, he was sentenced in case No. 83-509 to consecutive terms in the Nebraska Penal and Correctional Complex of 3 to 10 years for robbery and 2 to 3 years for the use of a firearm to commit a felony. In case No. 83-510 he was sentenced to consecutive terms in the Nebraska Penal and Correctional Complex of 3 to 10 years for the first count of robbery and 2 to 10 years for each of the remaining counts of robbery, and 2 to 3 years for each of the counts of use of a firearm to commit a felony. He now appeals to this court, raising but two errors. One is that the trial court committed reversible error by overruling his motion to suppress his identification by Cheryl Milroy in No. 83-509 and by Paul Rezich, Robert Roose, and Georgianna Brown in No. 83-510. The other alleged error is that the trial court committed reversible error by overruling his motion to suppress physical evidence obtained when the police searched his automobile. We have reviewed both of these alleged

errors and find neither of them to have merit. For this reason the judgments and sentences of the trial court are affirmed in both cases.

With regard to the first assignment of error, Christianson maintains that the trial court should have disallowed the in-court identification because the witnesses were permitted to congregate together following their identifying him in a·police lineup. The evidence discloses that, with regard to each of the robberies, four witnesses at various times were brought to a properly conducted lineup and asked to identify the man who robbed them. In each instance, without hesitation, the witnesses identified Christianson as the man who committed the robbery. Following the identification, each witness was placed in a room with the other witnesses who had identified Christianson as being involved in the various robberies. While the witnesses were in the room, they discussed the identification they had already made at the lineup. Except for Christianson's claim that the witnesses were permitted to meet together after each of them had individually identified Christianson, no other claim of impropriety is made. Christianson does not maintain that the lineup itself was in any manner improper, nor that the in-court identification conducted at the trial was improper. Christianson's argument is simply that because the parties were able to meet together after they had initially identified Christianson in the lineup, both the lineup identification and the in-court identification were tainted and should have been disallowed. In support of this position, however, Christianson is unable to cite to us any authority, nor are we able on our own to find any such authority. We have frequently declared that whether an identification procedure is violative of due process will be determined upon a consideration of the totality of the circumstances surrounding it. See, *State v. Gingrich*, 211 Neb. 786, 320 N.W.2d 445 (1982); *State v. Banks*, 195 Neb. 340, 237 N.W.2d 875 (1976); *State v. Sanchell,*

191 Neb. 505, 216 N.W.2d 504 (1974). It is our conclusion that, when reviewing the totality of the circumstances surrounding the identifications in this case, we are unable to conclude that Christianson's due process rights were in any manner violated. Each of the witnesses had ample time to see Christianson during the course of the robbery, and to identify him both during the police lineup and in court. There is no evidence that their having been together affected the independence of their identifications. The first assignment is without merit.

Turning, then, to Christianson's second error, that the court should have suppressed physical evidence obtained when the police searched Christianson's automobile, we likewise conclude that it is without merit. The record discloses that Christianson was arrested during the early morning hours of October 13, 1982, for a matter unrelated to the facts of either case involved in this appeal. After he was arrested he was asked by a Sergeant Gutchewsky of the Omaha Police Department if he would consent to have his car searched. According to the police sergeant, Christianson said that he would give his consent if his car would not be towed. Later that morning, Officer Frank O'Connor was ordered to ask Christianson to sign a written release giving the police permission to search his car. There is a conflict in the evidence as to what transpired during the discussion between Officer O'Connor and Christianson. Officer O'Connor testified that Christianson signed the consent form without protest. O'Connor admitted that 1 to 2 hours after the consent form had been signed he had a confrontation with Christianson concerning two of Christianson's friends who were suspects in the Payless shoestore robbery. Christianson protested their innocence, and O'Connor threatened to get a "no-knock" search warrant for their home. Christianson now maintains that the threat of the "no-knock" search warrant was made at the same time that he was asked to give his con-

sent to search his automobile and that but for the threat of obtaining a "no-knock" search warrant he would not have signed the consent. The car was ultimately towed into the police station and searched. Payless-brand boots and an empty Payless shoebox were found in the car. The trial court concluded from all the evidence that the consent given by Christianson for the search of his automobile was voluntary and not a part of any threat made by the police department. Recently, in *State v. Garcia*, 216 Neb. 769, 773, 345 N.W.2d 826, 829 (1984), we said:

> The determination of whether a consent to search is voluntarily given is a question of fact. *State v. Skonberg*, 194 Neb. 550, 233 N.W.2d 919 (1975). The voluntariness of the consent to search should be determined from the totality of the circumstances surrounding it. *State v. Van Ackeren*, 194 Neb. 650, 235 N.W.2d 210 (1975). The findings of fact in this respect will not be set aside on appeal unless they are clearly erroneous. In making that determination this court will take into consideration the advantage of the district court in having heard the oral testimony. *State v. Billups*, 209 Neb. 737, 311 N.W.2d 512 (1981).

The mere fact that the individual is in police custody, standing alone, does not invalidate the consent if, in fact, it was voluntarily given. See *United States v. Green*, 525 F.2d 386 (8th Cir. 1975). Our review of the record discloses that there is simply a conflict in the evidence, which the trial court resolved against Christianson. We cannot say from the record that this was erroneous, and, therefore, the determination by the trial court as to the voluntariness of the consent must be upheld.

For these reasons, therefore, the assignments of error proposed by Christianson are found to be without merit and are overruled. The judgments and

450

sentences of the trial court in each of the cases involved herein are affirmed.

AFFIRMED.