STATE OF NEBRASKA, APPELLEE, V. FRANK J. GRAHAM, APPELLANT.
492 N.W.2d 845

Filed December 4, 1992.   No. S-91-604.

Brian C. Bennett, of Dunlap & Bennett, P.C., for appellant.

Don Stenberg, Attorney General, and Donald A. Kohtz for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

On November 7, 1990, defendant, Frank J. Graham, was charged in an information filed by the county attorney of Seward County, Nebraska, with the offense of theft by unlawful taking, in violation of Neb. Rev. Stat. § 28-511 (Reissue 1989), a Class III felony. After trial, a jury determined that defendant was guilty of theft by unlawful taking, a Class IV felony. Defendant was sentenced to imprisonment for 20 to 60 months in the custody of the Nebraska Department of Correctional Services. His sole assignment of error is that the district court erred in overruling his motion to suppress certain evidence and statements made by defendant. We affirm.

The record before us shows the following facts: On November 7, 1990, defendant was working for Merle's Garden Center in Seward, Nebraska (the Center). The Center is primarily involved in selling garden and planting supplies, and also does some landscaping work. In the early afternoon of that day, the Center's office personnel discovered that a bank bag containing checks and cash was missing from the office safe. After the management made an unsuccessful search of the office area, Marlin Sturgis, chief of the Seward Police Department, was called. Sturgis made a preliminary investigation, searching the premises again and then searching the vehicles of three of the Center's employees, after receiving their permission. He did not locate the bank bag.

Earl Graves, the owner of the Center, then assembled the rest of his employees and, with Sturgis, asked for their permission

to search their vehicles. It was indicated that if permission was not given, search warrants would be procured and the cars would be searched. The employees present all agreed to allow their cars to be searched, and when Sturgis asked for volunteers, defendant held out the keys to his vehicle.

Sturgis then accompanied defendant to defendant's vehicle and proceeded to search the passenger compartment of the car. While the interior of the car was being searched by Sturgis, defendant went to the back of the vehicle and voluntarily unlocked the trunk.

Defendant then assisted Sturgis in the search of the trunk by moving a spare tire and other items in the trunk. The missing bank bag was found under the carpet in the trunk. Upon discovery of the bank bag by Sturgis, defendant exclaimed, "Shit!"

After the owner confirmed that the bank bag was in fact the missing one, defendant asked if the theft could be kept between the parties. Defendant was on parole for felony theft at the time. The only reply by Sturgis to this inquiry was to ask the defendant to follow him to the police station, where defendant was arrested and given his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). These rights were given both verbally and in a written statement which was signed by defendant. Within minutes of being advised of his rights, defendant admitted that he had taken the bank bag that afternoon. The bag contained $698 in cash and $948 in checks.

Defendant contends that the search was not voluntarily consented to, but, rather, was obtained by psychological duress and coercion, and that any incriminating statements he made following the search should have been considered fruits of the unlawful search and should have been suppressed by the district court pursuant to *Wong Sun v. United States*, 371 U.S. 471, 83 S. Ct. 407, 9 L. Ed. 2d 441 (1963). The State contends that the trial court properly overruled defendant's motion to suppress because defendant's consent to search was voluntary and any evidence obtained therefrom was properly admissible.

Prior to trial, pursuant to Neb. Rev. Stat. § 29-822 (Reissue 1989), defendant moved to suppress any and all evidence gained by means of the search of defendant's vehicle, on the basis that

the consent given for the search was not voluntary. Defendant also objected to the admission of the incriminating remark he made during the search and the admission of his confession made following his arrest, on the basis that his statements were fruits of an unlawful search. The district court denied defendant's motion to suppress and later, during the trial, overruled defendant's objection to the admission of the bank bag and its contents.

The validity of the search of defendant's automobile trunk depends upon whether defendant's consent was given voluntarily. Sturgis did not have a search warrant, and the search was not incident to an arrest. In determining the correctness of a trial court's ruling on a motion to suppress, an appellate court will uphold the trial court's findings of fact unless those findings of fact are clearly erroneous. *State v. Tingle*, 239 Neb. 558, 477 N.W.2d 544 (1991); *State v. Gibbs*, 238 Neb. 268, 470 N.W.2d 558 (1991). In determining whether a trial court's findings on a motion to suppress are clearly erroneous, an appellate court does not reweigh the evidence or resolve conflicts in the evidence, but, rather, recognizes the trial court as the finder of fact and takes into consideration that the trial court has observed witnesses testifying in regard to such motion. *State v. Walker*, 236 Neb. 155, 459 N.W.2d 527 (1990).

Defendant contends that his consent was not voluntarily given because "it is obvious that both express and implied psychological duress and coercion were brought to bear on [defendant]." Brief for appellant at 8. The right to be free from an unreasonable search and seizure, as guaranteed by the Fourth Amendment to the U.S. Constitution and by article I, § 7, of the Nebraska Constitution, may be waived by the consent of the citizen. *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S. Ct. 2041, 36 L. Ed. 2d 854 (1973); *State v. Juhl*, 234 Neb. 33, 449 N.W.2d 202 (1989). In order for the consent to search to be effective, however, it must be a free and unconstrained choice and not the product of a will overborne, and consent must be given voluntarily and not as the result of duress or coercion, whether express, implied, physical, or psychological. *State v. Juhl, supra.* The determination of whether a consent to search is voluntarily given is a question of

fact to be determined from the totality of the circumstances surrounding the giving of the consent. *State v. Prahin*, 235 Neb. 409, 455 N.W.2d 554 (1990). In examining all the surrounding circumstances to determine if in fact the consent to search was coerced, account must be taken of subtly coercive police questions, as well as the possibly vulnerable subjective state of the person who consents. *Schneckloth v. Bustamonte, supra.* The burden is upon the state to prove that the consent to search was voluntarily given. *State v. Prahin, supra.*

The evidence supports the district court's finding that defendant voluntarily consented to the search of his automobile. Defendant was not singled out by Sturgis, but, rather, was in a room with his fellow employees when the request was made to allow the chief to search the vehicles. The employer testified that the employees were not ordered, threatened, or coerced into giving consent, but were simply asked to do so.

There is no evidence in the record that Sturgis or defendant's employer overtly or implicitly coerced, threatened, or made promises to defendant in order to induce him to consent to the search. The record shows, rather, that defendant not only voluntarily consented to the search, but that he in fact participated in the search by opening the trunk without being requested to do so and by moving objects to assist Sturgis in searching the trunk.

Defendant contends that he cooperated with Sturgis because he felt that the vehicle would be searched anyway. We have held that the mere fact that defendant felt his vehicle would be searched in any event after a warrant was obtained does not, of itself, render defendant's consent involuntary. In *State v. Shepardson*, 194 Neb. 673, 678, 235 N.W.2d 218, 222 (1975), we said:

> "Defendant does not deny he gave consent to the search. He merely implies he did so because he felt it would do no good to object. Even if this is not a mere afterthought, it is not of itself sufficient to indicate coercion under the circumstances in light of the defendant's background and experience. . . ."

See, also, *State v. Prahin, supra.*

There is no evidence that in order to obtain defendant's

consent, Sturgis took unlawful advantage of the fact that defendant was on parole. See, *United States v. Jones*, 475 F.2d 723 (5th Cir. 1973), *cert. denied* 414 U.S. 841, 94 S. Ct. 96, 38 L. Ed. 2d 77 (1973). There is no evidence that Sturgis or defendant's employer promised anything in exchange for defendant's consent.

Nor does the statement by Sturgis that if consent were not given voluntarily a search warrant would be procured make defendant's permission invalid. A statement that a warrant may be obtained is not grounds in and of itself to disqualify an otherwise valid consent. In *State v. Rathburn*, 195 Neb. 485, 239 N.W.2d 253 (1976), Rathburn contended that he did not consent to a search of his automobile's trunk because he had originally refused to open the trunk and that he consented only after a police officer said that he would get a warrant. We rejected Rathburn's claim that the officer's statement was coercive and stated:

> In situations where the searching officer has stated that he could obtain or was in the process of getting a warrant, the courts have never found such a statement coercive per se. Rather, the courts have generally looked at the statement made by the officer to determine if it was coercive in the particular factual situation.

195 Neb. at 490, 239 N.W.2d at 256.

We have held that the voluntariness of the consent to search should be determined from the totality of the circumstances surrounding it. *State v. Garcia*, 216 Neb. 769, 345 N.W.2d 826 (1984). As stated above, the findings of fact in this respect will not be set aside on appeal unless they are clearly erroneous. In making that determination, this court will take into consideration the advantage of the district court in having heard the oral testimony. *State v. Garcia, supra*; *State v. Billups*, 209 Neb. 737, 311 N.W.2d 512 (1981). In this instance, the findings of the district court cannot be said to be clearly erroneous.

The evidence shows that defendant's consent was voluntarily given. Both the physical evidence and defendant's statements were properly received in evidence. Defendant's sole assignment of error is without merit. The judgment is affirmed.

AFFIRMED.