IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. DEVERS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

ROJAE A. DEVERS, APPELLANT.

Filed November 24, 2015.    No. A-15-242.

Appeal from the District Court for Douglas County: THOMAS A. OTEPKA, Judge. Affirmed.

Jessica Douglas and Michael J. Wilson, of Schaefer Shapiro, L.L.P., for appellant.

Douglas J. Peterson, Attorney General, and George R. Love for appellee.

PIRTLE, RIEDMANN, and BISHOP, Judges.

BISHOP, Judge.

Following a bench trial in the district court for Douglas County, Rojae A. Devers was convicted of possession of a deadly weapon by a prohibited person in violation of Neb. Rev. Stat. § 28-1206(1)(a) (Reissue 2008). The court sentenced Devers to 4 to 6 years' imprisonment. On appeal, Devers contends that (1) the district court erred in overruling his pretrial motion to suppress, (2) the State did not prove his guilt beyond a reasonable doubt, and (3) his trial counsel was ineffective. For the following reasons, we affirm.

BACKGROUND

On June 18, 2014, the State filed a one-count information in the district court for Douglas County charging Devers with possession of a deadly weapon by a prohibited person, a Class ID felony. § 28-1206(1)(a), (3)(b). A public defender was appointed, and Devers pled not guilty.

On August 18, 2014, Devers filed a motion to suppress any and all evidence obtained during the search of the vehicle next to which he was standing on May 18, 2014, the date of his

- 1 -

arrest. Devers alleged the search violated the Fourth Amendment because it occurred without reasonable suspicion, probable cause, or consent.

A suppression hearing was held on October 27, 2014. The only witness was City of Omaha police officer Patrick Dempsey. Dempsey testified that on May 18, 2014, around 1:30 a.m., he was riding in a marked police cruiser with his partner, Officer Zachary Petrick. Dempsey was in the passenger seat, and as he and his partner drove eastbound on Lake Street near 24th Street, they passed a green 1992 Cadillac parked on the south side of the street near a bar. The Cadillac's driver's side window was down, and Dempsey observed a man later identified as Devers sitting in the passenger seat of the Cadillac drinking a beer. Dempsey and his partner continued driving down Lake Street, turned around, and returned to the Cadillac.

When Dempsey and his partner returned to the Cadillac, Devers had exited the car and was standing on the sidewalk with a beer can in his hand. Dempsey told Devers he could not have an open alcoholic beverage on a public sidewalk, and Devers threw the beer can on the ground. Dempsey and his partner placed Devers in handcuffs.

While Devers was handcuffed, Dempsey looked in the passenger's side window of the Cadillac and observed an open beer can in the vehicle in plain view. Dempsey opened the door and retrieved the can, which was the same brand as the beer can that Devers threw on the ground. As Dempsey was retrieving the beer can, he observed in plain view what he believed to be a firearm tucked between the driver's seat and the center console. Dempsey left the firearm in the vehicle, where it remained until crime lab officials retrieved it.

On cross-examination, Dempsey testified that the registered owner of the Cadillac was Johnetta Nelson. According to Dempsey, at the time the officers arrested Devers, there were "a couple people standing there," but no one claimed ownership of the vehicle. Dempsey testified that when the officers first drove by the Cadillac, the person he observed sitting in the passenger seat was wearing a red shirt and a ball cap and had gold teeth.

On October 30, 2014, the district court denied the motion to suppress in a written order. The court reasoned that Officer Dempsey observed the open beer can in plain view from a lawful vantage point outside the vehicle. It further reasoned that Dempsey did not retrieve the beer can or discover the firearm during a search of the vehicle; rather, the officer observed the firearm in plain view when retrieving the beer can.

The matter proceeded to a bench trial on January 26, 2015. At the commencement of trial, Devers renewed his objection based on the motion to suppress. The State began by offering into evidence a certified copy of Devers' prior felony conviction.

The State's first witness, City of Omaha police officer Kevin Byrd, testified that at 1:30 a.m. on May 18, 2014, he was dispatched to a fight disturbance in the parking lot behind Chi-Town Chicken on Lake Street near 24th Street. As Byrd pulled into the parking lot, he observed a green Cadillac leaving the parking lot. The driver's window of the Cadillac was partially down, and Byrd observed the driver as a black male with gold teeth wearing a red hat. As the Cadillac left the parking lot, it turned north on 24th Street toward Lake Street. Byrd identified Devers as the man he saw driving the Cadillac.

According to Byrd, after he finished dealing with the fight disturbance, he heard a radio broadcast for two officers needing assistance in front of Chi-Town Chicken. After driving to the

front of Chi-Town Chicken, which he estimated was approximately 700 feet from where the fight disturbance had been, he observed the same green Cadillac and saw Devers sitting in the backseat of a police cruiser. Approximately 20 minutes had passed since Byrd saw the Cadillac exiting the parking lot. Byrd informed the two officers on the scene that he had witnessed Devers driving the Cadillac.

Officer Dempsey testified consistently with his testimony at the suppression hearing. He clarified that he never saw anyone other than Devers in the Cadillac. When he reached into the Cadillac to retrieve the open beer can, the firearm between the driver's seat and the center console was "readily apparent to anyone that would have been in that vehicle."

Officer Petrick testified consistently with Dempsey's testimony. On cross-examination, Petrick testified that he did not locate keys to the Cadillac on Devers' person; nor did he locate keys in the Cadillac or in the vicinity of the car.

Molly Reil testified that she was employed in the crime lab of the Omaha Police Department. She tested the firearm seized from the Cadillac, and it functioned as designed.

The State rested, and Devers testified in his defense. He testified that he and his friend Gerald Russ, who was driving a 2013 Chevy, arrived at Club 2000 on 24th and Lake Streets at about 11:20 p.m. on May 13, 2014. Devers stayed there until last call at 1:45 a.m. At that time, Devers exited the bar and saw Johnny Nelson drinking a beer near a green Cadillac. Devers asked Nelson for a beer and got one from him. According to Devers, neither he nor Nelson entered the Cadillac at any time.

Devers testified he never saw a police cruiser drive by the Cadillac. Instead, the police cruiser "stopped immediately" when it reached the Cadillac. After the officers placed him in the back of the cruiser, Devers observed an officer lean into the driver's side of the Cadillac. Devers had not looked into the Cadillac all night and had no idea what was inside it. At the time, he did not know who owned the Cadillac, but he later found out that Nelson's sister, Johnetta, owned it.

On cross-examination, Devers admitted he was wearing a red hat and shirt that evening and that he had gold teeth. Devers also admitted he had within the past 10 years been convicted of a felony and of lying to a law enforcement officer.

Defense counsel then informed the court that she had subpoenaed two defense witnesses, Johnetta Nelson and Gerald Russ. According to defense counsel, Johnetta had "completely avoided service of the subpoena," and Russ did not appear for trial despite being served. The defense then rested.

At the conclusion of trial, the court found beyond a reasonable doubt that Devers was guilty of possession of a deadly weapon by a prohibited person. On March 9, 2015, the district court sentenced Devers to 4 to 6 years' imprisonment. Devers timely appeals to this court.

## ASSIGNMENTS OF ERROR

Devers assigns that (1) the district court erred in overruling his motion to suppress because the discovery of the beer can in the vehicle was not inadvertent and the can's incriminating nature was not immediately apparent; (2) the district court erred in finding him guilty based on insufficient evidence that he knowingly possessed the firearm in the vehicle; (3) his trial counsel was ineffective by failing to properly investigate and ensure the appearance of several witnesses;

and (4) his trial counsel was ineffective by failing to request testing and evaluation of the evidence by independent experts.

## STANDARD OF REVIEW

In reviewing a trial court's ruling on a motion to suppress based on a claimed violation of the Fourth Amendment, an appellate court applies a two-part standard of review. *State v. Wells*, 290 Neb. 186, 859 N.W.2d 316 (2015). Regarding historical facts, an appellate court reviews the trial court's findings for clear error. *Id*. But whether those facts trigger or violate Fourth Amendment protections is a question of law that an appellate court reviews independently of the trial court's determination. *Id*.

In a challenge to the sufficiency of the evidence, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id*. As with any sufficiency claim, regardless of whether the evidence is direct, circumstantial, or a combination thereof, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact. *Id*.

A claim that defense counsel provided ineffective assistance presents a mixed question of law and fact. *State v. Sidzyik*, 281 Neb. 305, 795 N.W.2d 281 (2011). In order to establish a right to relief based on a claim of ineffective assistance of counsel, the defendant has the burden, in accordance with *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), to show that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense in his or her case. *Sidzyik, supra*. The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. *Id*. The determining factor is whether the record is sufficient to adequately review the question. *Id*.

## ANALYSIS

*Motion to Suppress*.

Devers argues that the district court erred in overruling his motion to suppress because the discovery of the beer can in the Cadillac was not inadvertent and the can's incriminating nature was not immediately apparent. In support, Devers maintains that because Officer Dempsey had seen him drinking a beer in the Cadillac's passenger seat, Dempsey "knew in advance, or strongly suspected, that he would see a beer can in the Cadillac." Brief for appellant at 8. Devers thus contends that Dempsey's discovery of the beer can was not inadvertent. He further maintains that because an open-container violation is a mere traffic infraction, the presence of the beer can in the Cadillac was not evidence of "criminal activity" as required for the plain view exception to apply. Brief for appellant at 12.

It is well settled under the Fourth Amendment that warrantless searches and seizures are per se unreasonable, subject to a few specifically established and well-delineated exceptions. *State v. Tucker*, 262 Neb. 940, 636 N.W.2d 853 (2001). One of those exceptions, the plain view doctrine, justifies a warrantless seizure if (1) a law enforcement officer has a legal right to be in the place from which the object subject to seizure could be plainly viewed, (2) the seized object's

incriminating nature is immediately apparent, and (3) the officer has a lawful right of access to the seized object itself. *State v. Reinpold*, 284 Neb. 950, 824 N.W.2d 713 (2013).

In arguing that the plain view doctrine does not apply because Dempsey's discovery of the beer can was not inadvertent, Devers cites *State v. Holman*, 221 Neb. 730, 380 N.W.2d 304 (1986), in which the court, citing *Texas v. Brown*, 460 U.S. 730, 103 S. Ct. 1535, 75 L. Ed. 2d 502 (1983), stated that under the plain view doctrine, an officer's discovery of incriminating evidence must have been inadvertent. The problem is that since *Holman* was decided, both the United States Supreme Court and the Nebraska Supreme Court have recognized that inadvertence is no longer an element of the plain view doctrine. *Horton v. California*, 496 U.S. 128, 110 S. Ct. 2301, 110 L. Ed. 2d 112 (1990); *State v. Shurter*, 238 Neb. 54, 468 N.W.2d 628 (1991) (citing *Horton, supra*). Therefore, Devers' argument based on inadvertence finds no support in the law.

Devers also argues that the plain view doctrine does not apply because the incriminating nature of the beer can was not immediately apparent. For an object's incriminating nature to be immediately apparent, the officer must have probable cause to associate the object with criminal activity. *Reinpold, supra*. Probable cause is a flexible, commonsense standard; it merely requires that the facts available to the officer would warrant a person of reasonable caution in the belief that certain items may be useful as evidence of a crime. *Id*.

As pertinent here, Neb. Rev. Stat. § 60-6,211.08 (Cum. Supp. 2014), makes it unlawful for any person in the passenger area of a motor vehicle to possess an open alcoholic beverage container when the vehicle is located in a public parking area or on any highway in this state. Any violation of the Nebraska Rules of the Road constitutes a traffic infraction, unless otherwise specified. Neb. Rev. Stat. § 60-682 (Reissue 2010). Because the open-container statute does not otherwise specify, an open-container violation constitutes a traffic infraction.

Devers argues that evidence of a traffic infraction is not evidence of "criminal activity," such that the incriminating nature of the open beer can was not immediately apparent. Brief for appellant at 12. However, the Nebraska Supreme Court has held that a traffic infraction is a crime. *State v. Knoles*, 199 Neb. 211, 256 N.W.2d 873 (1977). Furthermore, the Nebraska Supreme Court has held that a traffic violation, no matter how minor, creates probable cause to stop the driver of a vehicle. *State v. Bartholomew*, 258 Neb. 174, 602 N.W.2d 510 (1999). Because a traffic infraction is a crime, we disagree that the incriminating nature of the open beer can was not immediately apparent. Officer Dempsey had seen Devers in the passenger area of the car drinking a beer. After placing Devers in handcuffs, Dempsey saw the open beer can in the car from a lawful vantage point outside the vehicle. Based on these facts, Dempsey had probable cause to associate the open beer can with criminal activity and lawfully seize it. While seizing the beer can, Dempsey then saw the firearm in plain view. The district court did not err in overruling the motion to suppress.

*Sufficiency of Evidence*.

Devers next argues that the State failed to produce sufficient evidence to prove beyond a reasonable doubt that he knowingly possessed the firearm in the Cadillac. Devers does not dispute that Officer Byrd witnessed him driving the green Cadillac or that Officer Dempsey observed him drinking a beer in the passenger seat of the Cadillac. Instead, Devers argues that "the mere presence

of a deadly weapon in a vehicle occupied by the defendant, particularly a deadly weapon that is mostly hidden from view, does not allow a presumption of possession by the finder of fact." Brief for appellant at 15.

A defendant possesses a firearm when he or she knowingly has it on his or her person or knows of its presence and has control over it. *State v. Jasper*, 237 Neb. 754, 467 N.W.2d 855 (1991); *State v. Long*, 8 Neb. App 353, 594 N.W.2d 310 (1999). Stated another way, a defendant's possession of a firearm can be actual or constructive. *Long, supra*. Constructive possession may be proved by direct or circumstantial evidence and may be shown by the accused's proximity to the firearm at the time of the arrest or by a showing of dominion over the firearm. See *State v. Garcia*, 216 Neb. 769, 345 N.W.2d 826 (1984) (applying constructive possession principles to a possessory drug crime).

The key evidence relevant to the issue of possession was Officer Dempsey's testimony that when he reached into the Cadillac to retrieve the open beer can, he observed in plain view what he believed to be a firearm tucked between the driver's seat and the center console. According to Dempsey, the firearm was "readily apparent to anyone that would have been in that vehicle." Photographs of the firearm tucked between the seat and the console were admitted into evidence. The only contrary evidence of possession was Devers' testimony that he had no idea what was inside the Cadillac; however, with evidence of his prior felony conviction and his prior conviction of lying to a law enforcement officer, it was for the finder of fact to assess the credibility of the witnesses, resolve conflicts in the evidence, and weigh the evidence. *State v. Wells*, 290 Neb. 186, 859 N.W.2d 316 (2015).

Viewing the evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Devers constructively possessed the firearm when he was in the Cadillac's driver's seat. Based on the evidence presented, it was reasonable for the finder of fact to infer that when Devers was sitting in the driver's seat of the Cadillac next to the firearm that was "readily apparent" to anyone in the vehicle, he knew of the firearm and had dominion and control over it.

*Ineffective Assistance of Counsel*.

Devers' final two assignments of error challenge his trial counsel's effectiveness. Devers argues that his trial counsel, who was different than his appellate counsel, was ineffective for (1) failing to properly investigate and ensure the appearance of several witnesses and (2) failing to request testing and evaluation of the evidence by independent experts.

In most instances, claims of ineffective assistance of trial counsel cannot be reached on direct appeal, because the record does not contain facts necessary to decide either prong of the analysis under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *State v. Young*, 279 Neb. 602, 780 N.W.2d 28 (2010). Appellate courts reach such claims only where it is clear from the record that the claim is without merit or where trial counsel's error is so egregious and resulted in such a high level of prejudice that no tactic or strategy could overcome the effect of the error. *Id.*

The record is insufficient for us to reach Devers' first claim of ineffective assistance of counsel. Although Devers contends that Johnetta Nelson, Johnny Nelson, Gerald Russ, and other

unnamed witnesses would have testified to Devers' lack of knowledge of the firearm's presence in the Cadillac, the record does not contain this information. Nor does the record indicate to what extent trial counsel investigated these witnesses or attempted to ensure their presence at trial (the record does indicate that counsel subpoenaed Johnetta and Gerald to testify at trial, but this alone is not enough to conduct a *Strickland* analysis). Therefore, while Devers has preserved the issue for postconviction review, we cannot reach it on direct appeal.

The record is sufficient for us to reach Devers' second claim of ineffective assistance of counsel, however. In this claim, Devers maintains that counsel was ineffective for failing to pursue independent testing of the State's evidence, including DNA testing, gunshot residue testing, and fingerprint testing. He asserts this testing would have provided evidence of the firearm's "true owner" and of Devers' lack of knowledge of the firearm's presence in the Cadillac. Brief for appellant at 20.

The State responds that Devers' claim is without merit, because even if DNA, gunshot residue, or fingerprints had not linked Devers to the firearm, the result of the trial would not have been different. We agree with the State.

As discussed above, the State proved that Devers constructively possessed the firearm by driving the Cadillac while the firearm was tucked between the driver's seat and the center console, "readily apparent to anyone that would have been in that vehicle." To prove constructive possession, the State did not need to link Devers to the firearm with DNA, gunshot residue, or fingerprints. Even if forensic evidence had linked a person other than Devers to the firearm, the State still would have proved Devers' guilt beyond a reasonable doubt. Contrary to Devers' characterization of it, the issue at trial was not who was the "true owner" of the firearm; it was whether Devers knowingly had dominion and control over the firearm when he drove the Cadillac. Therefore, trial counsel's alleged failure to pursue forensic testing of the firearm could not have prejudiced Devers, and Devers' second claim of ineffective assistance of counsel may properly be rejected on direct appeal.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court for Douglas County.

AFFIRMED.